1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

IMPACT ENGINE, INC.,

12

Plaintiff,

13

v.

14

GOOGLE LLC,

15

Defendant.

16

17

Case No.:  3:19-cv-01301-CAB-BGS

**ORDER ON JOINT SUBMISSION RE [PROPOSED] ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

**[ECF NO. 54]**

18    Before the Court is the Joint Submission Regarding (Proposed) Order Governing

19 Discovery of Electronically Stored Information.  (ECF No. 54).  In this joint submission,

20 the parties raised two discovery disputes regarding the preservation of electronically

21 stored information ("ESI") and ESI search protocol.

22                              **DISCUSSION**

23   **I.    Preservation of Instant Messenger and/or Chat Applications**

24    This dispute arose from the parties' Rule 26(f) conference.  It was presented in

25 their Joint Submission Regarding (Proposed) Order Governing Discovery of

26 Electronically Stored Information.  (ECF No. 54).  Impact Engine, Inc., ("Impact"),

27 wants the Court to order Google LLC, ("Google") to preserve ESI from instant

28 messaging and/or chat applications that employees used during the scope of their work

1

1  related to the Accused Products.  (ECF No. 54 at 2).  Impact argues that Google should

2  be required to preserve this information because instant messaging and/or chat

3  applications are likely to contain relevant information since it is a common method for

4  employees to communicate.  (ECF No. 54 at 2; ECF No. 54-1 at 6, ¶ 15(a)(ii)).  On the

5  other hand, Google wants this Court to order that such ESI discovery does not need to be

6  preserved because the burden of preserving them is not proportional to the needs of the

7  case, since it is unlikely to contain relevant information that would not otherwise be

8  included in email. (ECF No. 54 at 5; ECF No. 54-1 at 9, ¶¶ 19(a)–(b)(iii)).

9        Impact requests this Court to enter a preservation order. (ECF No. 54 at 2).

10  Federal Rule of Civil Procedure 26(f) requires the parties to discuss preservation issues,

11  but the requirement that the parties discuss preservation does not imply that courts should

12  routinely enter preservation orders.  "A preservation order entered over objections should

13  be narrowly tailored."  Fed. R. Civ. P. 26(f) advisory committee's note to 2006

14  amendment.  "Ex parte preservation orders should issue only in exceptional

15  circumstances."  *Id.*

16        Google in effect is asking the Court to grant a protective order. *See Pippins v.*

17  *KPMG LLP*, No. 11 CIV. 0377 CM JLC, 2011 WL 4701849, at *4–5 (S.D.N.Y. Oct. 7,

18  2011); *aff'd* 2012 WL 370321 (S.D.N.Y. Feb. 3, 2012).  Federal Rule of Civil Procedure

19  26(c) authorizes a federal court to issue a protective order "for good cause . . . to protect a

20  party or person from annoyance, embarrassment, oppression, or undue burden or

21  expense."  The party seeking a protective order pursuant to Rule 26(c) bears the burden to

22  establish the existence of good cause necessitating the order.  *See Gambale v. Deutsche*

23  *Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004).  "Good cause exists when a party seeking the

24  protective order can articulate 'a clearly defined, specific and serious injury' that will

25  result in the absence of the order."  *See Pippins*, 2011 WL 4701849, at *4 (citation

26  omitted).  "Although the party seeking the protective order bears the burden of

27  establishing good cause, the court must weigh the interests of both parties in considering

28  the necessity and scope of the order."  *Id.* (citing *Mitchell v. Fishbein*, 227 F.R.D. 239,

1   245 (S.D.N.Y. 2005) ("[U]nder Rule 26(c), the appropriateness of protective relief from

2   discovery depends upon a balancing of the litigation needs of the discovering party and

3   any countervailing protectable interests of the party from whom discovery is sought.").

4         By presenting this dispute in their Proposed ESI Order, both parties have failed to

5   follow this Court's chambers rules regarding the procedure for discovery disputes, which

6   is what this dispute is.  *See* Judge Skomal's Chambers' Rule V.  The Court has not

7   authorized the parties to bring what appears to be a joint motion for either a preservation

8   order or a protective order.  Notwithstanding, neither party has adequately addressed the

9   merits of their respective motions. Therefore, the Court **DENIES** both Parties' motions

10  without prejudice.[1]

11  **II.    Parties' Dispute over ESI Search Protocol**

12        The parties have also not followed this Court's procedure for bringing discovery

13  disputes with regards to ESI search protocol. *See* Judge Skomal's Chambers' Rule V.

14  Since this dispute regards ESI, it is a discovery dispute.  Notwithstanding, the parties'

15  disagreement is centered around the number of custodians for email and non-email ESI

16  searches, and the number of search terms per custodian.  (ECF No. 54).  Within this

17  disagreement, the parties compared their ESI Order with this District's Model Order and

18  the Model Order Governing Discovery of ESI.  (ECF No. 54 at 3–8).  On March 2, 2020,

19  the Model Order for ESI and the Model Order Governing Discovery of ESI were deleted

20  from the Patent Local Rules.  S.D.C.A. General Order 727.  Therefore, those orders no

21  longer control ESI in this District.

22

23

24

---

25  1 The duty to preserve begins when a party reasonably should have known that the evidence is relevant
    to anticipated litigation. *See In re Napster,* 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006); *see also Wm. T.*
26  *Thompson Co. v. General Nutrition Corp., Inc.,* 593 F.Supp. 1443, 1455 (C.D. Cal. 1984) ("While a
    litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is
27  under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is
    reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be
28  requested during discovery, and/or is the subject of a pending discovery request.").

1    Federal Rule of Civil Procedure 34, which governs requests for the production of

2   documents, does not differentiate between information stored on paper or on an

3   electronic medium.  It requires the requesting party to request "information."  Fed. R.

4   Civ. P. 34(a)(1).  The producing party must produce the requested information or object

5   to the request.  Fed. R. Civ. P. 34(b)(2)(B).  Federal Rule of Civil Procedure 34 addresses

6   electronically stored information to the extent that a party may object to the requested

7   form of production of electronically stored information and provides a default for the

8   form of production.  Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Unlike the

9   Model Order for ESI, nothing in Rule 34 requires a requesting party to identify

10  custodians or search terms.  The Model Order for ESI, in that respect, was contrary to the

11  ordinary progress of civil discovery in the federal courts.

12    The parties are best situated to evaluate the procedures, methodologies, and

13  technologies appropriate for preserving and producing their own electronically stored

14  information.  The parties should seek to reach agreement regarding production of

15  electronically stored information.  Moreover, the world of electronic discovery has

16  moved well beyond search terms.  While search terms have their place, they may not be

17  suited to all productions.  Search terms are now disfavored in many cases due to the rapid

18  advancement of technology and software tools, rendering the ESI Model Order's reliance

19  on search terms obsolete. Order on Joint Motion for Determination of Discovery Dispute

20  Regarding ESI at 4, Nuvasive, Inc. v. Alphatec Holdings, Inc., et al., No. 18-cv-0347

21  (S.D. Cal. Argued Oct. 7, 2019) (No. 198); *See also Moore v. Publicis Groupe*, 287

22  F.R.D. 182, 189–91 (S.D.N.Y. 2012).

23    Therefore, this Court will not decide the number of custodians that are appropriate

24  in this case, nor the number of search terms per custodian.  Instead, the Plaintiff must

25  request information, regardless of how or where it is maintained by Defendants, which

26  Defendants must address as required by Rule 34, and vice versa.  That is discovery: a

27  party requests information and the burden is on the producing party to locate and produce

28  it or object legitimately to production.

4

1        The parties are free to modify their Proposed ESI Order as they see fit.  To the

2    extent they cannot resolve this dispute, this Court's order then controls.  In the future all

3    discovery disputes are governed by the Chambers Rules, and the parties are expected to

4    follow them.

5        **IT IS SO ORDERED.**

6    Dated:  April 21, 2020

7                                                    _____
                                                     Hon. Bernard G. Skomal
8                                                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:19-cv-01301-CAB-BGS