UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br>  Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br>  Defendant. | Case No.: 19-cv-01301-CAB-BGS <br><br> **ORDER ON DISPUTED INTERROGATORIES NOS. 1 & 12** <br><br> **[ECF NO. 66]** |

On April 22, 2020 the parties indicated there were disputes regarding four of Google's interrogatories. (ECF No. 64.) The Court allowed the parties to file a Joint Statement in which both sides were to "specify the exact issues in dispute" and explain their positions. *Id.* Thereafter, the parties filed their Joint Statement regarding Google's Interrogatory Nos. 1 and 12, while indicating that they had resolved the other two interrogatories in dispute. (ECF No. 66 at 2.)

**I.   Dispute Regarding Google's Interrogatory No. 1**

Google specifies the information it is requesting in Interrogatory No. 1 ("ROG #1") as follows: "Interrogatory No. 1 asks Plaintiff to describe, in detail, on an element by element basis, all facts relating to conception and reduction to practice of the asserted claims, including all acts it contends represent diligence between conception and reduction to practice; the persons involved in the conception and reduction to practice;

where the invention was first reduced to practice; when, where, and to whom it was first disclosed; and each person who worked on the development of the alleged inventions." (ECF No. 66-1 at 2.)

There are two issues presented to the Court in this dispute. The first regards the overbreadth and burden of ROG #1 on Impact. Impact's principle objection to ROG #1 is the "element by element" component. (*See* ECF No. 66-2 at 2–3.) Impact argues that seeking all details relating to conception and reduction to practice on an element by element basis for all 41 asserted claims is burdensome and disproportionate to the needs of the case. *Id.* at 2. Further, Impact asserts that Google has cited no legal authority that supports this "element by element" request. *Id.* at 3.

Google contends that ROG #1 is relevant to Google's invalidity defenses. (ECF No. 66-1 at 2.) Specifically, Google argues that ROG #1 is relevant to its contention that the priority date for each asserted claim is not "novel." *Id.* Google also argues that ROG #1 is relevant to issues as to whether the Plaintiff named the proper inventors of the alleged invention. *Id.*

Conception and reduction to practice dates are relevant to a party's defenses in patent cases because they are related to the priority date, which a defendant "must beat to show that the claims are invalid over the prior art." *Digital Reg. of Texas, LLC v. Adobe Sys. Inc.,* 2013 WL 5442269, at *4 (N.D. Cal. 2013); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.,* 224 F.R.D. 644, 650 (N.D. Cal. 2004). Impact responded to ROG #1 stating the conception and reduction to practice was "at least as early as" the filing of the patent application. (ECF No. 66-1 at 3.) The Court finds this response to be incomplete. *See West v. Ultimate Metals Co.*, No. 13CV03651WHOMEJ, 2014 WL 466795, at *1 (N.D. Cal. 2014) (granting Defendant's request for a further response after finding that Plaintiff's response that it was relying on his initial filing date for conception and reduction to practice was inadequate).

However, the Court narrows ROG #1 to eliminate the "element by element" portion. Google does not address specifically how an "element by element" analysis is

relevant to its invalidity defenses.  Further, Google's own relevancy arguments in support of ROG #1 limit novelty to each asserted claim, not each element.  (ECF No. 66-1 at 2) ("Novelty is evaluated based on the "priority date" of each asserted claim."); *see* N.D. Cal. Model Patent Jury Instruction 4.3a1 (stating that a patent claim is invalid if the claimed invention is not new, meaning "all the requirements must have existed in a single device or method that predates the claimed invention"); *Williams Advanced Materials, Inc. v. Target Tech. Co., LLC*, No. 03-CV-276-A, 2004 WL 1811397, at *8 (W.D.N.Y. 2004), *aff'd*, 140 F. App'x 268 (Fed. Cir. 2005) (reasoning that anticipation occurs when the referenced prior art "expressly describes or inherently contains each element of a claimed invention."); *Carman Indus., Inc. v. Wahl*, 724 F.2d 932, 938 (Fed. Cir. 1983) (reasoning that the invention was not anticipated where the prior art did not disclose all of the elements of the invention).

Google's other argument for relevancy is whether Impact named the proper inventors of the alleged invention.  (ECF No. 66-1 at 2.)  Google, as to this defense, does not offer how an element by element analysis is relevant.  In fact, Model Patent Jury Instructions for the Federal Circuit Bar Association defines inventor to be one who makes a significant contribution to the conception of one or more claims of the patent.  Fed. Cir. B. Ass'n Model Patent Jury Instruction 4.3d; *see Quintel Tech. Ltd. v. Huawei Techs., Inc.*, No. 4:15CV307, 2017 WL 9250312, at *24 (E.D. Tex. 2017) (stating that inventorship is determined on a "claim by claim basis").

The point is that both invalidity defenses for which Google seeks this discovery require Google to prove that the asserted claims are either not novel and/or there were earlier inventors of the asserted claim(s), i.e. inventions.  The Court finds that by requiring Impact to comply with an "element by element" analysis is unduly burdensome and not proportional to the needs of the case.  *See e.g. Sol IP, LLC v. AT&T Mobility LLC*, No. 218CV00526RWSRSP, 2020 WL 60140, at *1–*2 (E.D. Tex. 2020) (concluding that an element by element response requirement was not proportional to the

needs of the case). Therefore, Impact is required to provide a further response to ROG #1 as narrowed by the Court and as summarized by Google.

The second issue presented in this dispute is the timing of Impact's complete response to ROG #1. Google wants the complete response by May 15th, while Impact argues it is burdensome to require Impact to supplement its response by May 15th when Google's invalidity contentions were due May 8th.[1] (ECF Nos. 66-1 at 2–3; 66-2 at 2–3.) The Court concurs with the approach taken in *West v. Ultimate Metals Co*., wherein the Court required, "If [Plaintiff] believes in good faith that he is unable to state a specific date or dates, he shall state with clarity the approximate date or dates of conception he intends to claim in this action." *West,* 2014 WL 466795, at *1–*2 (citing *Boston Scientific Corp. v. Micrus Corp.,* 2007 WL 174475, at *1 (N.D. Cal. Jan. 22, 2007)).

In *Boston Scientific*, the Defendant sought the dates of conception and reduction to practice. 2007 WL 174475, at *1. The Plaintiff argued it would be premature to require it to take a firm position as to either date. *Id.* The Court held that Plaintiff did not need to state specific dates if it in good faith believed it cannot do so, but ordered Plaintiff to serve a further response stating with clarity the approximate date(s) of conception and of actual reduction to practice the Plaintiff intends to claim in the action. *Id.* at *1–*2.

Accordingly, if Impact believes in good faith that at this point in the litigation it cannot complete its response to ROG #1 as narrowed, then it is to give approximate date(s) of conception and reduction to practice it intends to claim in this action. Such response is due June 2, 2020, where Impact will either provide specific or approximate dates of conception and reduction to practice. Further, the parties are to meet and confer to try to resolve when Impact will be able to fully supplement ROG #1. If parties are unable to decide when Impact will fully supplement ROG #1, they are to contact the Court by June 10, 2020. The parties are to follow the Court's procedures for bringing

---

[1] According to Impact, other than the uncertain date of conception and reduction to practice, it has identified the named inventors and relevant documents pursuant to Rule 33(d). (ECF No. 66-2 at 2.)

4

discovery disputes if the parties are unable to decide when Impact will fully supplement ROG #1. If parties do not contact the Court by that time, the Court will deem the issue to be resolved.

## II. Dispute Regarding Google's Interrogatory No. 12

In Interrogatory No. 12 ("ROG #12"), Google seeks Impact "to identify in claim chart form, for each limitation of an asserted claim, the portion of the specification Plaintiff contends provides written description support and enabling disclosure." (ECF No. 66-1 at 3.) Google contends that this information is relevant to its affirmative defense of invalidity for lack of written description and enablement, citing 35 U.S.C. § 112(a).[2] *Id.* at 3–4. Google requests this information prior to claim construction and 21 days after it serves its invalidity contentions. *Id.* at 4. Google contends it needs this information before claim construction because there may be claim construction disputes based on Impact's positions. *Id.*

Impact's main objection to this ROG is the requirement to provide its response in a chart form. It argues such is unduly burdensome, citing *Finjan, Inc. v. ESET, LLC* and *Friskit, Inc. v. Real Networks, Inc.* in support of its position. (ECF No. 66-2 at 4); *see also Finjan, Inc. v. ESET, LLC*, No. 17CV183-CAB-BGS, 2018 WL 4772124 (S.D. Cal. Oct. 2018), review denied, 2018 WL 6075797 (S.D. Cal. Nov. 2018); *Friskit, Inc. v. Real Networks, Inc.*, No.C03-5085-WWS-MEJ, 2006 WL 1305218 (N.D. Cal. 2006). Impact also argues that even if a more detailed response is required, a response in advance of claim construction is premature. (ECF No. 66-2 at 4.)

This dispute concerns two issues: whether the requested information in chart form is unduly burdensome and what is the proper timing of any response this Court orders. The Court addresses each topic in turn.

---

[2] 35 U.S.C. § 112(a) (applicable to applications filed on or after September 16, 2012) provides: (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

In *Apple Inc. v. Wi-LAN Inc.*, Apple argued that information regarding Wi-LAN's validity contentions was relevant and should not have to wait until rebuttal expert reports to understand Wi-LAN's position. No. 14CV2235-DMS-BLM, 2018 WL 733740, at *4 (S.D. Cal. 2018). Wi-LAN objected to providing such information, arguing that the patents at issue are from the same "patent families" that were at issue in a prior case, so that the prior invalidity reports in the previous case gave insight into Wi-LAN's validity positions. *Id.* Wi-LAN argued that it was not required to respond to the interrogatory since it was Apple's "burden of proving lack of written description or enablement by clear and convincing evidence," and Apple "had yet to rebut the presumption of invalidity." *Id.* at *4. Wi-LAN also argued that additional responses to the interrogatories were "unnecessary and unduly burdensome." *Id.* at *4.

The Court in *Apple Inc.* held, in pertinent part, that Apple was entitled to discovery regarding Wi-LAN's validity contentions beyond what Wi-LAN had provided in its responses to Apple's interrogatories. *Id. at *5.* However, to the extent that Apple sought supplemental responses to the interrogatories in the form of claim charts, the Court agreed with Wi-LAN that it may be unduly burdensome. *Id.* (citing *Friskit, Inc.*, 2006 WL 1305218, at *1-2 (holding that a claim chart form for the written description, enablement, and best mode support of each of the patentee's asserted patent claims was not required)).

The Court agrees that a detailed chart as requested by Google is unduly burdensome. *See e.g. Finjan, Inc.*, 2018 WL 4772124 at *2–*4 (S.D. Cal. Oct. 2018). But Impact is required to supplement its response. The information requested by Google is relevant, and Google is not required to establish a prima facie case of invalidity before it can seek discovery on the validity of the patents.[3] *Apple Inc.,* 2018 WL 733740, at *4.

---

[3] Impact cited *Friskit, Inc.*, 2006 WL 1305218 (N.D. Cal. 2006), wherein the Court denied Defendant's motion to compel a response because the burden was on the defendant to show invalidity for lack of written description. (ECF No. 66-2 at 4.) To the extent Impact is making this argument, the Court as indicated disagrees with *Friskit, Inc.* on this issue.

Although Impact's overall objection is that responding to ROG #12 would be unduly burdensome, Google has lightened this burden by agreeing to require a response as to only those claims that it asserts lack written description or enablement.  (ECF No. 66-1 at 4); *see e.g. Sol IP, LLC*, 2020 WL 60140, at *1–*2 (denying Defendants' motion to compel a similar interrogatory due to Defendants' failure to limit the interrogatory to only claims for which it reasonably asserted § 112 support was lacking).

The second issue in dispute regards when Impact is required to provide its supplemental response to ROG #12.  Google argues that Impact should respond by May 29th, 21 days after Google is scheduled to provide its invalidity contentions.  (ECF No. 66-1 at 4.)  Impact objected to responding by May 29th, arguing that a "response in advance of claim construction is premature."[4]  (ECF No. 66-2 at 4.)

The Court has discretion in ordering a party not to "answer a contention interrogatory until designated discovery is complete or at some other time."  Fed. R. Civ. P. 33(a)(2); *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 2008).  But when using this discretion, Courts generally disfavor contention interrogatories before substantial discovery has taken place.  *See In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1.  Contention interrogatories are premature if "the propounding party cannot present plausible grounds showing that early answers to contention questions will efficiently advance litigation, or if the defendant does not have adequate information to assert its position."  *Facedouble, Inc. v. Face.com, Inc.*, No. 12CV1584-DMS-MDD, 2014 WL 585868, at *2 (S.D. Cal. Feb. 2014).  Courts have also applied guidelines for when contention interrogatories are appropriate during the early phases of discovery, if answering them would "'contribute meaningfully' to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up

---

[4] Neither party provided reasons for their individual positions on why the response was needed by the time indicated in the Joint Statement, other than Google claiming that it needs this information before claim construction because there may be claim construction disputes regarding Plaintiff's positions. (*See* ECF No. 66-1 at 3–4; 66-2 at 3–4.)

early settlement discussion; or (4) providing a substantial basis for a motion under Rule 11 or Rule 56." *Facedouble, Inc.*, 2014 WL 585868, at *2; *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 339 (N.D. Cal. 1985). These guidelines provide a useful starting point in examining whether the timing of submitted contention interrogatories is appropriate. *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2.

The Court in *University of Virginia Patent Foundation v. General Electric Company* used these guidelines in deciding whether plaintiff had to respond to defendant's interrogatories or if a response at that time would be premature. *See* No. 3:14CV51, 2015 WL 4878880 (W.D. Va. Aug. 2015). The court held that the motion to compel a similar interrogatory was premature and plaintiff did not need to answer until "additional discovery is complete," reasoning that the parties were still moving through the "beginning stages of discovery" when the defendant still had not served its invalidity contentions. *See id.* at *4. The Court stated that even though the interrogatories were not improper, the plaintiff did not need to answer the interrogatories until additional discovery had been completed due to the status of litigation in that case. *Id.* at 5 (requiring substantive responses at some time after the claim construction order).

However, in *Blast Motion, Inc. v. Zepp Labs, Inc.*, the Court required the plaintiff to answer defendant's interrogatory because its case was "further along in the discovery process." *See* No. 315CV00700-JLS-NLS, 2016 WL 5107677 at *3 (S.D. Cal. Mar. 2016). Distinguishing itself from *University of Virginia Patent Foundation*, the Court reasoned that it was not premature to have the plaintiff respond to the defendant's interrogatory when infringement and invalidity contentions had already been served and the claim construction hearing was "less than two months" away.[5] *Id.*

---

[5] *Blast Motion* reasoned that its case was similar to another case from the Southern District of California, *Odyssey Wireless v. Apple*, No. 15cv1735-H-RBB, where it stated that the Southern District of California is a "lay all the cards on the table" district and that having the plaintiff respond would allow for parties to properly evaluate the case and help parties not delay responses to the interrogatories. *See Blast Motion, Inc.*, 2016 WL 5107677 at *3.

In the current case, invalidity contentions were scheduled to be served on May 8th, the claim construction discovery deadline is coming up in three months, and the claim construction hearing is five months away.  (*See* ECF No. 50.)  The Court is not in a position to arbitrarily pick a date for which Impact is to respond to ROG #12.  Neither party adequately addressed the guidelines detailed above to support their prescriptive dates.  Therefore, the parties are to meet and confer as to the date by which Impact will provide its supplemental response to ROG #12, which response should occur between Google's requested date, May 29, 2020, and the claim construction discovery deadline, August 14, 2020.  If parties are unable to decide when Impact will provide its supplemental response to ROG #12, they are to contact the Court by June 10, 2020.  The parties are to follow the Court's procedures for bringing discovery disputes if the parties are unable to decide when Impact will provide its supplemental response to ROG #12.  If parties do not contact the Court by that time, the Court will deem the issue to be resolved.

**IT IS SO ORDERED.**

Dated:  May 26, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge