UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 3:19-cv-01301-CAB-BGS <br><br> **ORDER GRANTING MOTION TO STRIKE INEQUITABLE CONDUCT DEFENSE** <br><br> [Doc. No. 65] |

This matter is before the Court on Plaintiff Impact Engine, Inc.'s motion to strike Defendant Google, LLC's inequitable conduct defense. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted without leave to amend.

**I.    Background**

On March 4, 2020, Impact Engine filed a supplemental complaint, which is the operative complaint in this action. [Doc. No. 53.] The supplemental complaint includes claims for infringement of eight Impact Engine patents from the same patent family,[1]

---

[1] The patents are: U.S. Patent No. 7,870,497 (the "'497 Patent"); U.S. Patent No. 8,356,253 (the "'6,253 Patent"); U.S. Patent No. 8,930,832 (the "'832 Patent"); U.S. Patent No. 9,361,632 (the "'632 Patent"); U.S. Patent No. 9,805,393 (the "'393 Patent"); U.S. Patent No. 10,068,253 (the "'8,253 Patent"); U.S. Patent No. 10,565,618 (the "'618 Patent"); and U.S. Patent No. 10,572,898 (the "'898 Patent").

covering systems and methods that automate the process of constructing and distributing professional quality advertisement media. [Doc. No. 53-2 at 20.]

In its answer to the supplemental complaint, Google asserted an inequitable conduct affirmative defense for the first time. [Doc. No. 55.] After Impact Engine informed Google that it intended to move to strike the inequitable conduct defense from Google's answer, Google filed an amended answer with additional allegations related to the inequitable conduct defense. [Doc. No. 57.] In its amended answer to Impact Engine's supplemental complaint, Google asserts the inequitable conduct defense as to six of the eight patents at issue in the supplemental complaint (the '832 Patent; the '632 Patent; the '393 Patent; the '8,253 Patent; the '618 Patent; and the '898 Patent). [Doc. No. 57 at 20-29.] Impact Engine now moves to strike Google's inequitable conduct defense. [Doc. No. 65.]

**II.     Discussion**

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). The Federal Circuit has described it as the "atomic bomb" of patent law because a finding of inequitable conduct renders the entire patent unenforceable, incurable by reissue or reexamination at the PTO. *Id.* at 1288 (internal citations omitted).

To successfully prove inequitable conduct, the accused infringer must present evidence that the applicant (1) made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) intended to deceive the [Patent and Trademark Office ("PTO")]." *Star Scientific, Inc., v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). At least a threshold level of each element – i.e., both materiality and intent to deceive – must be proven by clear and convincing evidence. *Star Scientific*, 537 F.3d at 1365. Further because an inequitable conduct defense sounds in fraud, it must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b), including "identification of the specific who, what,

when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen,* 575 F.3d. at 1327. "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the factual bases for the allegation, does not satisfy Rule 9(b)." *Id.* at 1326-27.

Here, according to Google's opposition brief, the "crux" of its inequitable conduct defense is that each of the individuals who prosecuted the six patents in question on Impact Engine's behalf "submitted patent claims to the PTO knowing that the claims lacked written description . . . ." [Doc. No. 73 at 6.] To that end, the amended answer alleges that Impact Engine's agents "knowingly and intentionally presented claims that they knew were unsupported by the specification that accompanied the application." [Doc. No. 57 at ¶¶ 164, 171, 178, 185, 192, 199.] In its opposition brief, Google cites to no authority supporting this inequitable conduct theory, arguing only that no court has rejected it. This Court will not expand the affirmative defense of inequitable conduct to embrace Google's novel theory.

Google does not identify any specific misrepresented fact or material omission or false material information that was submitted to or withheld from the PTO during the prosecution of the patents. Google simply alleges that claims of the continuation patents asserted by Impact Engine are not supported by their common specification, a validity challenge under 35 U.S.C. §112. Google makes no allegations that the inventors or prosecuting attorney intentionally misled the patent examiner with false or misleading statements in the written description to obtain those claims.

Google's theory of inequitable conduct is a conclusory statement that the inventors and prosecuting attorney all knew that the claims they sought, and were granted, were not supported by the written description. This assertion does not support a claim of fraudulent intent to deceive the PTO. Without some allegation of misrepresented fact or material omission in the written description made or withheld to allow the claims to issue, there is no fraud. There is only disagreement that the examiner, who was in full possession of the

written description, wrongly concluded that the requirements for § 112 were met when the claims were allowed.

Google has already once amended its inequitable conduct defense, expanding the length of its allegations from one paragraph to almost nine full pages. [Doc. No. 55; Doc. No. 57.] Despite substantial alterations, Google's allegations fail to meet even the pleading standards of Rule 8(a), much less the heightened requirements in Rule 9(b). No amount of additional specificity as to Google's allegation that Impact Engine's agents failed to inform the PTO that the claims they presented were not supported by the specification would be sufficient to state a plausible inequitable conduct defense. As such, Impact Engine's motion is granted without leave to amend.

**III.   Disposition**

For the foregoing reasons, Impact Engine's motion to strike Google's inequitable conduct defense is **GRANTED**, and Google's inequitable conduct defense is **DISMISSED**.

It is **SO ORDERED**.

Dated:  June 22, 2020

Hon. Cathy Ann Bencivengo
United States District Judge