UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　　　　　　Defendant. | Case No.: 19-cv-1301-CAB-DEB<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br>**[DKT. NO. 89]** |

**I.   BACKGROUND**

In its supplemental complaint, Impact Engine, Inc. alleges that Google LLC willfully infringed eight of Impact Engine's online advertising patents. Dkt. No. 53. Impact Engine alleges that, after two years of false promises to develop a cooperative partnership between the parties, Google began utilizing Impact Engine's patent innovations for its own benefit.

The parties are conducting discovery and have presented a Joint Motion for Determination of Discovery Dispute to the Court. Dkt. No. 89. At issue is Google's Request for Production ("RFP") No. 60, which seeks "[all] Documents Regarding any contracts or agreements between Plaintiff and any Third Party concerning (1) This Litigation and/or (2) any Asserted Patent or Related Patent." *Id*. at 2. Impact Engine has responded that it will produce responsive documents, except for "potential agreements

related to litigation funding," which it asserts are not relevant.[1] Google asserts that any litigation funding agreement and related documents are relevant to "Impact Engine's positions on liability, validity, and damages," and to "undermine one of Impact Engine's themes expressed in its Complaint."

For the reasons discussed below, the Court rules that any litigation funding agreement(s) and related documents are relevant and orders Impact Engine to produce all responsive documents that are not otherwise protected from disclosure.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No.14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016). *See also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 15-CV-01735-H (RBB), 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)). "[R]elevancy for purposes of discovery is broader than relevancy at trial." *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1019 (D. Az. 2020) (quoting *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 566 (D. Az. 2016)).

---

[1] Litigation funding agreements involve the advancement of money to the plaintiff by a third party in exchange for an "agreed upon cut of the winnings." *See Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 718 (N.D. Ill. 2014).

### III. DISCUSSION

As two courts have recognized, "[t]here is a split of authority on whether a plaintiff's source of litigation funding is within the scope of relevant discovery." *V5 Techs. v. Switch, Inc.*, 334 F.R.D. 306, 312 (D. Nev. 2019); *In re Valsartan N-Nitrosodimethylamine (NDMA) Contam. Prod. Liab. Lit.*, 405 F. Supp. 3d 612, 614 (D.N.J. 2019) ("At bottom, courts are split on the issue. . . ."). The courts that have denied discovery of litigation funding agreements have found them irrelevant to the issues presented. *See, e.g.*, *In re Valsartan*, 405 F. Supp. 3d at 616 ("Plaintiffs' litigation funding is a 'side issue' that has nothing to do with the key issues in the case. . . ."); *V5 Techs,* 334 F.R.D. at 312 ("[T]he Court agrees with Plaintiff that its litigation funding is not relevant to the claims or defenses in this case."). But those courts also acknowledged that "there is no bright-line prohibition on such discovery." *V5 Techs,* 334 F.R.D. at 312; *In re Valsartan*, 405 F. Supp. 3d at 615 ("To be sure, the Court is not ruling that litigation funding discovery is off-limits in all instances.").

Of particular relevance to this case, courts that have denied discovery of litigation funding agreements have also recognized that patent infringement cases present a "special litigation context[]" where courts have permitted this discovery. *V5 Techs,* 334 F.R.D. at 311–12; *In re Valsartan*, 405 F. Supp. 3d at 616 ("This is not a patent case where the ownership of a patent is relevant to determining who has standing to bring the lawsuit."). Indeed, courts have generally ruled that litigation funding agreements and related documents are relevant and discoverable in patent litigation.

For example, in *Odyssey Wireless,* another judge in this district ruled that litigation funding agreements and related documents were "directly relevant" to "the valuations placed on the . . . patents prior to the present litigation." 2016 WL 7665898, at *7. And in *Continental Circuits*, the court ruled that litigation funding agreements were relevant to, among other things, "refute any David vs. Goliath narrative at trial," impeach trial witnesses, and establish "the value of the allegedly infringed patents." 435 F. Supp. 3d at 1019.

This Court also concludes that any litigation funding agreements and related documents are relevant to the patent infringement claims at issue here.[2] Google is entitled to discovery of litigation funding agreements and related documents because they are relevant to: (1) establish the value of the patents at issue; (2) obtain statements made by Impact Engine regarding the patents at issue; and (3) refute potential trial themes. Indeed, Impact Engine concedes that it has one such document (i.e., a document that includes a "discussion of the case, including assessments of . . . Impact Engine's positions on liability, validity, and damages"), but asserts that it is privileged. The only issue before the Court, however, is whether the documents that Google seeks are relevant. Whether any privilege or protection from disclosure applies was not briefed and is not before the Court.[3]

## IV. ORDER

For the reasons discussed above, the Court rules that litigation funding agreements and related documents are relevant to the issues in this patent infringement suit and, therefore, are discoverable. Impact Engine must produce all non-privileged documents in

---

[2] Impact Engine cites *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091 (E.D. Tex. May 24, 2012) and *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 2773944 (E.D. Tex. May 26, 2017) to support its relevancy arguments. In both cases, however, the issue was admissibility at trial. Here, the Court is expressing no opinion as to whether any litigation funding or related documents are admissible at trial. *Accord* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[3] The Court understands and acknowledges the sensitivity of litigation funding agreements. Plaintiffs and third-party litigation funders understandably desire to keep their private financial arrangements out of the public domain. That, however, is the purpose of a Protective Order, which the Court has issued in this case. *See* Dkt. No. 76. Furthermore, all other potentially applicable privileges and protections from disclosure (such as the attorney-client privilege and the attorney work-product doctrine) may apply to litigation funding agreements and related documents. *See, e.g.*, *Continental Circuits,* 435 F. Supp. 3d at 1020–24 (evaluating claim of work product protection for litigation funding agreements).

response to Google's RFP No. 60 on or before **August 26, 2020**. If Impact Engine withholds any responsive documents based on any privilege or protection from disclosure, it must list any such documents on a privilege log containing the information required by section VIII of the Court's Chambers rules.[4]

## V. MOTION TO SEAL

The parties filed their Joint Motion for Determination of Discovery Dispute and related documents under seal. The Court can discern no legal basis for sealing the Joint Motion. Accordingly, on or before **August 19, 2020**, any party who seeks the continued sealing of the Joint Motion must file a brief explaining the legal basis for its sealing. If no party files a brief, then Impact Engine must re-file the Joint Motion filed in the CM/ECF system as a public entry on or before **August 20, 2020**.

**IT IS SO ORDERED**.

Dated: August 12, 2020

Honorable Daniel E. Butcher
United States Magistrate Judge

---

[4] The Court finds Impact Engine's position was substantially justified and, therefore, declines to award expenses to Google under Federal Rule of Civil Procedure 37.