Sharre Lotfollahi (SB 258913)
sharre.lotfollahi@kirkland.com
Benjamin Yaghoubian (SB 292318)
benjamin.yaghoubian@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
310-552-4200

Garret A. Leach (*pro hac vice*)
garret.leach@kirkland.com
Megan M. New (*pro hac vice*)
megan.new@kirkland.com
Nikhil Krishnan (SB 300616)
Nikhil.krishnan@kirkland.com
Kyle M. Kantarek (*pro hac vice*)
kyle.kantarek@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000

Attorneys for Plaintiff
IMPACT ENGINE, INC.

David A. Perlson (Ca. Bar No. 209502)
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Attorneys for Defendant,
GOOGLE LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>      Defendant. | CASE NO. 3:19-cv-01301-CAB-DEB<br><br>**[UNDER SEAL] JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Hearing Date:<br>Time:<br>Judge: Hon. Daniel E. Butcher<br>Courtroom: |

# REQUEST FOR PRODUCTION NO. 60[1]

## I.  GOOGLE'S REQUEST AND IMPACT ENGINE'S RESPONSE

**Google's Request for Production No. 60:**  All Documents Regarding any contracts or agreements between Plaintiff and any Third Party concerning (1) This Litigation and/or (2) any Asserted Patent or Related Patent.

**Impact Engine's Response Request for Production No. 60:**

In addition to its general objections, Impact Engine objects to this Request as vague, overbroad, and unduly burdensome as to "all Documents" and "Plaintiff." Impact Engine further objects to this Request as not proportional to the needs of this case in seeking all Documents concerning Related Patents considering (1) the marginal importance of the materials to the claims and defenses in this litigation and (2) the burden or expense of the proposed discovery balanced against its likely benefit. Impact Engine also objects to this Request as overbroad and unduly burdensome in requesting documents not within Impact Engine's possession, custody, or control. Impact Engine further objects to this Request as calling for information irrelevant to any claim or defense and thus not proportional to the needs of this case. Impact Engine also objects to this Request as requesting information or documents protected from discovery by the attorney-client privilege, the work-product immunity doctrine, or other applicable privilege.

**Impact Engine's Agreement Regarding Request for Production No. 60:**

To the extent that relevant, responsive, non-privileged documents exist, and subject to our ongoing objection regarding production of any potential agreements related to litigation funding, we will produce documents responsive to RFP No. 60.

---

[1]  The parties have resolved their dispute as to Impact Engine's response to Google's Interrogatory No. 3, and thus do not present that dispute herein.

## II. GOOGLE'S ARGUMENT TO COMPEL DOCUMENT PRODUCTION

Google seeks an order compelling Impact Engine to produce contracts or agreements relating to litigation funding as well as documents relating to such contracts or agreements. The litigation funding agreements are relevant because they will undermine one of Impact Engine's themes expressed in its Complaint. This is true even if the agreements themselves to not discuss the substantive issues in the litigation. As shown in the Complaint, Impact Engine will likely argue to the jury that it was harmed by Google's alleged infringement, and give the impression that a damages award will make Impact Engine whole and go to Impact Engine and its employees. (*See e.g.*, Dkt. 53, ¶¶ 5, 13, 28, 32, 33). For example, in its Complaint, Impact Engine alleges: "Google's actions left the dedicated and hard-working employees of Impact Engine with no options other than litigation." (Dkt. 53, ¶ 5; *see also id.*) Yet, Impact Engine admits there is a litigation funder. The jury deserves to know that, if Impact Engine focuses on the harm to its business and employees in a plea to the jury's emotions, any damages awarded would not solely go to Impact Engine. That Impact Engine is characterizing this as a competitor case and seeking lost profits increases the potential for jury confusion by this narrative without the full information. Google asked Impact Engine to commit to not making the arguments discussed above at trial in exchange for dropping its request for agreements and documents regarding its litigation funding, but Impact Engine would not do so, and still refuses to do so in its argument below.

Documents and communications regarding these agreements will likely also be relevant to other issues in the case. Communications with litigation funders or potential litigation funders are likely to include discussion of the case, including assessments of the strengths or weaknesses in Impact Engine's positions on liability, validity, and damages. Impact Engine never disputed such communications might exist and now concedes that there is at least one such communication. This document, which Impact Engine says was prepared by Impact Engine and its counsel, would be a party admission, as would any similar documents Impact Engine later identifies. Other courts have found such documents, which indisputably relate to subject matter at issue in this case, to be relevant. *Acceleration*

3

*Bay LLC v. Activision Blizzard, Inc.*, No. 16-cv-453, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018) (communications with prospective litigation funder are relevant); *Odyssey Wireless, Inc. v. Samsung Elec. Co. Ltd*, 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016) (communications with litigation funders regarding the value of the patents-in-suit were relevant to damages); *Cobra Int'l Inc. v. BCNY Int'l Inc.*, 2013 WL 11311345 (S.D. Fla. Nov. 4, 2013) (litigation funding agreement was relevant and not privileged).

Impact Engine has not articulated a legitimate burden in collecting these materials. Google offered that Impact Engine does not need to specifically search for responsive email communications, but can produce or include on a privilege log documents located in ESI searches. Instead, Impact Engine contends that it should not be required to produce any responsive documents it identifies, much less search for them, because they are categorically irrelevant. Of course, this is contradicted by its admission that at least one document it identified concerns this litigation. Impact Engine points to *United Access Tech., LLC v. AT&T Corp.,* No. 11-338-LPs, 2020 WL 3128269, at *2 (D. Del. June 12, 2020) as finding litigation funding documents to be not relevant, and as not following *Acceleration Bay*. But in *United Access* the Court conducted an *in camera* review and determined that the documents did not contain relevant information. Here, Impact Engine admits at least one document it and its counsel prepared that discusses the merits of the case.

If Impact Engine contends responsive documents are privileged, it can include them on a privilege log. But, not all responsive documents will be privileged or work product. For example, communications with prospective litigation funders would not be privileged. Yet, Impact Engine refuses to log them at all, acting as though they do not exist, even though it admits at least one responsive document does exist. Google seeks an order compelling Impact Engine to include any such responsive documents on a privilege log so that Google can assess Impact Engine's objections.

### III. IMPACT ENGINE'S RESPONSE

In support of its position that Impact Engine should be compelled to produce "contracts or agreements relating to litigation funding as well as documents relating to such contracts or agreements," Google makes two arguments, both of which are without merit.[2] First, Google sets up the straw man argument that it needs litigation funding agreements to undermine or refute Impact Engine's purported trial theme—that it has been harmed by Google's infringement and should be awarded damages to be made whole—so it can show that the entire damages award will not go to Impact Engine. This argument, however, ignores that under the Patent Act, Impact Engine is entitled to damages if it proves infringement. 35 U.S.C. § 284 ("the court ***shall award*** the claimant damages") (emphasis added). The existence of a litigation funding agreement will not change that fact. Indeed, it is both improper and prejudicial for Google to try to undermine Impact Engine's statutory entitlement to damages for Google's willful infringement by arguing that at least part of any damages award may go to a litigation funder. Other courts that have considered this same argument, including the Eastern District of Texas, agree.[3] At bottom, Google's argument that "[t]he jury deserves to know that . . . any damages awarded would not solely go to Impact Engine," is nonsensical and would create a sideshow of irrelevant issues.

Second, Google argues the documents it seeks are relevant because they "are likely to include discussion of the case, including assessments of the strengths or weaknesses in

---

[2] While Impact Engine focuses its arguments here on relevance, it also maintains that the documents sought are protected from disclosure under the attorney work product doctrine, a position Google does not appear to dispute. *See, e.g., Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 734-35 (N.D. Ill. 2014) (documents prepared for prospective third-party funder were protected by the attorney work product doctrine); *Viamedia, Inc. v. Comcast Corp.,* No. 16-CV-5486, 2017 WL 2834535, at *3 (N.D. Ill. June 30, 2017) (same).

[3] *See, e.g., SSL Servs., LLC v. Citrix Sys., Inc.,* No. 2:08-cv-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (precluding any reference to investors in the litigation, litigation financing, or attorney's fee arrangements); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 2773944, at *1 (E.D. Tex. May 26, 2017) (same).

Impact Engine's positions on liability, validity, and damages." Google relies on *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-cv-453, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018) for this proposition. But the exact same arguments made by the defendant in that case—and that Google makes here—were recently rejected in *UAT, LLC v. AT&T Corp.,* where Chief Judge Stark in the District of Delaware ruled that the defendant "fail[ed] to articulate how [documents related to litigation funding] are relevant to the specific claims or defenses of *this* case." C.A. No. 11-338-LPS, 2020 WL 3128269, at *1–*2 (D. Del. June 12, 2020) ("*Acceleration Bay* does not hold (as no case could) that such materials are always relevant"). Google has similarly failed to do so here. Moreover, the decision in *UAT* is consistent with the decisions of other courts around the country that have held that documents related to litigation funding are not relevant. *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contam. Prod. Liab. Lit.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (collecting cases and agreeing "with the plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant").[4]

Nevertheless, Impact Engine has collected and reviewed the documents Google seeks. Impact Engine does not possess any litigation funding agreements, documents or communications that include a "discussion of the case, including assessments of the strengths or weaknesses in Impact Engine's positions on liability, validity, and damages," other than one privileged document prepared by Impact Engine and its counsel. (Declaration of Megan M. New at ¶¶ 2-4.) As set forth above, however, that document is not relevant because it relates to litigation funding. *In re Valsartan*, 405 F. Supp. 3d at 615. Google's motion to compel should be denied.

---

[4] *See also Miller UK*, 17 F. Supp. 3d at 724 (finding the deal documents relevant only to arguments without "any cogency"); *Space Data Corp. v. Google LLC*, No. 16-cv-02360, 2018 WL 3054797 (N.D. Cal. June 11, 2018) (denying defendant's motion to compel production of documents and communications about potential litigation funding as irrelevant); *Telesocial Inc. v. Orange S.A.*, No. 3:14-cv-03985, Dkt. 165 (N.D. Cal. Sept. 30, 2016) (same); *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 VM KNF, 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015), *aff'd*, 141 F. Supp. 3d 246 (S.D.N.Y. 2015) (same).

1  DATED: July 15, 2020              Respectfully submitted,

2                                    KIRKLAND & ELLIS LLP

3                                    By: */s/ Garret A. Leach*
                                         Garret A. Leach
4

5                                     Attorneys for Plaintiff
                                      IMPACT ENGINE, INC.
6

7

8  DATED: July 15, 2020              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
9
                                     By: */s/ David A. Perlson*
10                                       David A. Perlson

11
                                      Attorneys for Defendant
12                                    GOOGLE LLC.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing document has been served on July 15, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

DATED:  July 15, 2020    KIRKLAND & ELLIS LLP

By: */s/ Garret A. Leach*
 Garret A. Leach

*Attorneys for Plaintiff*
*IMPACT ENGINE, INC.*