Sharre Lotfollahi (SBN 258913)
sharre.lotfollahi@kirkland.com
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
(310) 552-4200

Garret A. Leach (admitted *pro hac vice*)
garret.leach@kirkland.com
Megan M. New (admitted *pro hac vice*)
megan.new@kirkland.com
Nikhil Krishnan (SBN 300616)
nikhil.krishnan@kirkland.com
Kyle M. Kantarek (admitted *pro hac vice*)
kyle.kantarek@kirkland.com
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
312-862-2000

*Attorneys for Plaintiff Impact Engine, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., | CASE NO. 3:19-cv-01301-CAB-DEB |
| Plaintiff, | **IMPACT ENGINE'S RULE 72 OBJECTIONS TO DISCOVERY ORDER** |
| vs. | |
| GOOGLE LLC, | Judge: Hon. Cathy A. Bencivengo<br>Courtroom: 4C<br>Magistrate: Hon. Daniel E. Butcher<br>Courtroom: 3C |
| Defendant. | |

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 7.1, Plaintiff Impact Engine, Inc. ("Impact Engine") respectfully objects to the Magistrate Judge's Order on Joint Motion For Determination of Discovery Dispute (Dkt. 101, "the Order").   In that Order, the Magistrate Judge ruled that "litigation funding agreement(s) and related documents are relevant" and ordered "Impact Engine to produce all responsive documents that are not otherwise protected from disclosure." Dkt. 101 at 2.[1]

Google sought an order compelling Impact Engine to produce "contracts or agreements relating to litigation funding as well as documents relating to such contracts or agreements."  Dkt. 102 at 3.  But the documents Google seeks are not relevant to any claims, defenses, or specific issues in the case.   Impact Engine ordinarily would not object to a discovery order, but the sensitivity of the information that is subject to the Order creates a high risk for prejudice that is not justified given the *de minimus* relevance of the information sought.  Indeed, the Order itself expressly "acknowledges the sensitivity of litigation funding agreements."  Dkt. 101 at 4 n. 3.[2]

---

[1]   The Court ordered the production for August 26th, which the parties jointly moved the Court to stay pending resolution of Impact Engine's Rule 72 objections. Dkt. 103.

[2]   While the issue of the privileged nature of the documents sought was not before, and therefore not decided, by the Magistrate Judge, Impact Engine anticipates that most—if not all—of the documents that Google seeks will be withheld from production under the attorney client privilege, attorney work product doctrine, or common interest privilege if the Court determines they are relevant. *See Devon IT, Inc. v. IBM Corp.*, No. 10-2899, 2012 WL 4748160, at *1 n. 1 (E.D. Pa. Sept. 27, 2012) (quashing subpoena seeking materials shared with a litigation funder because those materials were privileged and protected under attorney-client privilege, work product doctrine, and common interest privilege); *Mondis Technology, Ltd. v. LG Electronics, Inc.*, Nos. 2:07–CV–565–TJW–CE, 2:08–CV–478–TJW, 2011 WL 1714304, at *2-3 (E.D. Tex. May 4, 2011) (documents prepared for and shared with potential investors were protected work product, and work product protection was not waived because documents were shared subject to non-disclosure agreements); *Miller*

Further, the Order's reliance on the Protective Order to justify production of the documents sought is insufficient given the sensitive and confidential nature of those documents and Google's improper intended use of the documents. Google's primary argument in support of its motion to compel was that it wants to tell the jury about Impact Engine's funding arrangement in order to argue that Impact Engine is not entitled to a full damages award. *See* Dkt. 102 at 3. As set forth in Impact Engine's response to Google's argument, not only are the documents highly prejudicial given that they are not relevant to the amount of damages that should be awarded in this case, they are also inadmissible. *See id.* at 5. Even with a Protective Order in place, Impact Engine should not be forced to reveal the details of the confidential relationship between Impact Engine, the litigation funder, and its legal counsel when the documents that Google seeks are unlikely to be used at trial or ever shown to the jury. While Google also argues that the documents may contain "assessments of the strengths or weaknesses in Impact Engine's positions on liability, validity, and damages," Impact Engine has represented through a declaration from its counsel that the documents do not contain any such information, other than one privileged document. *Id.* at 3, 6.

Forcing Impact Engine to produce the compelled litigation funding documents will likely have wide-ranging repercussions in this case, including additional, irrelevant discovery requests from Google, wasted resources spent on issues other than the merits of this case, and potentially negative effects on settlement efforts. Google is well-aware that the documents it seeks have no bearing on the merits of this case, and at bottom, is seeking this information to improperly discover Impact Engine's financial arrangements for this litigation so Google and its counsel can leverage that information in its litigation and settlement tactics. The information

---

*U.K. Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 735-740 (N.D. Ill. 2014) (documents provided to litigation funders by a plaintiff and its counsel pursuant to confidentiality agreements were protected work product and not discoverable).

Google is seeking is no different than if Impact Engine sought Google's retention agreement and bills with its own counsel.  Ultimately, given the irrelevant, sensitive and privileged nature of the documents sought, this discovery is not warranted and Impact Engine's objections to the Order should be sustained.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  Such objections are reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1167-68 (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082 (9th Cir. 2000).

## III.   ARGUMENT

The Court should sustain Impact Engine's objections and deny Google's attempts to discover the litigation funding agreement and documents or communications related to the agreement for three critical reasons.  *First*, Google's requests are a fishing expedition that do not support its attack on Impact Engine's purported damages trial theme.  *Second*, Google's requests are not reasonably calculated to lead to the discovery of admissible evidence because the materials sought are not relevant to any claim or defense in this case, and are therefore not subject to discovery.  *Third*, the Order did not consider the lack of probative value of the documents Google is seeking or how their production will ultimately impact the litigation.

### A.   Litigation Funding Documents Are Not Relevant To Impact Engine's Damages Award

Impact Engine objects to the Order's conclusion that "Google is entitled to discovery of litigation funding agreements and related documents because they are relevant to. . . refute potential trial themes." Dkt. 101 at 4.  Specifically, the Order found that the documents are relevant to refute Impact Engine's anticipated trial theme that it is entitled to damages to make it whole for Google's ongoing, willful patent infringement. *Id.*  But documents related to litigation funding are irrelevant to the amount of damages to which Impact Engine is entitled, especially where—as here—the documents sought do not contain any discussions of Impact Engine's damages case or theories.

Google argues that it needs the litigation funding agreement to undermine or refute a purported "David vs. Goliath" trial theme.  And Google expressly plans to use the documents at trial to counteract the "jury's emotions" and argue that "any damages awarded would not solely go to Impact Engine."  Dkt. 102 at 3.  But, this argument ignores that under the Patent Act, Impact Engine is entitled to damages if it proves infringement. 35 U.S.C. § 284 ("the court ***shall award*** the claimant damages") (emphasis added).  Moreover, "the litigation funding documents have no bearing on evidence that is needed to prove a claim or defense at a trial ***or establish the amount of damages that a jury should award***." *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *3 (N.D. Ill. Dec. 5, 2019) (emphasis added).  The existence of a litigation funding agreement does not change the fact that Impact Engine must be compensated for Google's infringement, and Google notably failed to cite any case to support its theory otherwise. *See generally* Dkt. 102 at 3-4.

It is both improper and prejudicial for Google to try to undermine Impact Engine's statutory entitlement to damages for Google's willful infringement by arguing that part of any damages award may go to a litigation funder.  Other courts that have considered this same argument agree. *See, e.g., SSL Servs., LLC v. Citrix*

*Sys., Inc.,* No. 2:08-cv-158-JRG, 2012 WL 12906091, at \*1 (E.D. Tex. May 24, 2012) (precluding any reference to investors in the litigation, litigation financing, or attorney's fee arrangements); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 2773944, at \*1 (E.D. Tex. May 26, 2017) (same).  Indeed, the assistance of litigation funding in order to pay the fees and expenses of a litigation does not assist the fact-finder in determining the credibility of witness testimony related to or its entitlement to damages.  *Fulton v. Foley*, 2019 WL 6609298, at \*3 ("litigation funding documents have no bearing on evidence that is needed to . . . establish the amount of damages that a jury should award"); *Benitez v. Lopez*, No. 17-CV-3827-SJ-SJB, 2019 WL 1578167, at \*1 (E.D.N.Y. Mar. 14, 2019) ("The financial backing of a litigation funder is as irrelevant to credibility as the Plaintiff's personal financial wealth, credit history, or indebtedness.").  In other words, Google cannot negate its own liability by attacking Impact Engine's worthiness of damages merely because it sought financial help to take on a "Goliath."

Given the irrelevant, prejudicial, and inadmissible nature of the documents Google seeks, Impact Engine should not be required to produce or include on a privilege log the litigation funding agreement or related documents.

### B.    Impact Engine's Litigation Funding Documents Are Not Relevant To The Other Claims And Defenses At Issue

Impact Engine also objects to the Order's ruling that the litigation funding documents are "relevant to the patent infringement claims at issue here."  Dtk. 101 at 4.  Google argues the documents it seeks are relevant because they "are likely to include discussion of the case, including assessments of the strengths or weaknesses in Impact Engine's positions on liability, validity, and damages."  Dkt. 102 at 3.  But the law is clear that discovery has its limitations, particularly "when the inquiry touches upon the irrelevant…."   *Hickman v. Taylor*, 329 U.S. 495, 508 (1947).  "Relevance is not inherent in any item of evidence, but exists only as a relation

between an item of evidence and the matter properly provable in the case." *Miller U.K.*, 17 F. Supp. 3d at 722.

To that end, courts around the country have taken a very narrow view of the relevance of litigation funding documents, and the predominate view is that such documents are not relevant to any claim or defense and are therefore not subject to discovery. *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019); *see also Space Data Corp. v. Google LLC*, No. 16-cv-03260 BLF (NC), 2018 WL 3054797 (N.D. Cal. June 11, 2018) (denying defendant's motion to compel documents and communications about potential litigation funding as irrelevant); *Telesocial Inc. v. Orange S.A.*, No. 3:14-cv-03985, Dkt. 165 (N.D. Cal. Sept. 30, 2016) (attached as Ex. 1) (same); *Kaplan v. S.A.C. Capital Advisors, L.P.***,** No. 12-CV-9350 VM KNF, 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015), *aff'd*, 141 F. Supp. 3d 246 (S.D.N.Y. 2015) (same); *MLC Intellectual Property LLC v. Micron Technology, Inc.*, Case No. 14-cv-3657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (same); *Benitez,* 2019 WL 1578167 at *1 (same); *Fulton v. Foley*, 2019 WL 6609298, at *2 (same). As just one example, in one of the leading cases on this issue, *Miller U.K. Ltd. v. Caterpillar*, the Northern District of Illinois denied a trade secret defendant's request to compel production of documents evidencing the structure and terms of plaintiff's agreement with a third party litigation funder. 17 F. Supp. 3d at 721-730. The *Miller U.K.* court reasoned that because the litigation funder would not be a witness in a case and would therefore not be biased by the amount it may receive from the case, documents relating to the litigation funding agreement (particularly relating to the nature of the funding arrangements themselves) were simply not relevant to any of the claims or defenses in the case. *Id.* at 721-24. Similarly here, Impact Engine's litigation funder will not serve as a witness in this case—a fact of which Google is aware—and the amount it receives if Impact Engine succeeds on its claims will have no bearing on the jury's finding of infringement, validity, or statutory damages.

Google has identified no specific claim or defense in this case to which the materials sought would have any relevance.  Instead, it resorts to the sweeping argument that the documents may be relevant to every issue that exists in every patent case—namely, liability, validity and damages—without identifying any specific issue in ***this case*** to which the documents are relevant.  *See UAT, LLC v. AT&T Corp.,* C.A. No. 11-338-LPS, 2020 WL 3128269, at *1–*2 (D. Del. June 12, 2020) (Stark, J.) (denying motion to compel litigation funding documents where defendant "fail[ed] to articulate how [documents related to litigation funding] are relevant to the specific claims or defenses of ***this*** case").[3]  Indeed, Google has "raised no nonspeculative basis for [its] discovery requests," instead pointing to a ***potential*** trial theme, ***possible*** jury emotions, and non-existent statements in the documents it seeks, all of which should "result[] in its denial." *In re Valsartan,* 405 F. Supp. 3d at 615–16.[4]  Nevertheless, the Order agreed with Google's argument regarding the relevance of the documents, relying on *In re Valsartan,* 405 F. Supp. 3d at 616 for the proposition that "patent infringement cases present a 'special litigation context[].'" Dkt. 101 at 3.  However, *In re Valsartan* considered the question of who had ownership of a patent when determining standing to bring a lawsuit.  *In re Valsartan,* 405 F. Supp. 3d at 616.  But

---

[3]    Google relied on *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-cv-453, 2018 WL 798731 (D. Del. Feb. 9, 2018), in its motion to compel, but that reliance is misplaced. Dkt. 102 at 3-4.  The defendant in that case made the exact same arguments that Google makes here and those arguments were rejected in *UAT* ("*Acceleration Bay* does not hold (as no case could) that such materials are always relevant") .

[4] *See also Kaplan*, 2015 WL 5730101, at *5; *VHT, Inc. v. Zillow Group, Inc.*, Case No. C15-1096 JLR, 2016 WL 7077235, at *1 (W.D. Wash. September 8, 2016) (denying litigation funding discovery "[w]ithout some objective evidence that any of [defendant's] theories of relevance apply to [the] case."); *In Re: Riddell Concussion Reduction Litigation*, C.A. No. 13-7585 (JBS/JS), 2016 WL 7325512, at *3 (D.N.J. Jan. 19, 2016) (discovery of the class representatives' fee agreements denied on the ground that defendant's arguments were "speculative and insufficient to demonstrate the relevance of the sought-after fee agreements").

standing is not at issue here.  *See* Ex. 2, ("Google will not raise standing arguments in moving to compel documents responsive to RFP 60.").  Rather, Google purportedly seeks the litigation funding documents in an effort to call into question Impact Engine's positions on liability and limit Impact Engine's potential damages award— something nearly every defendant tries to accomplish in every case.  There is no "special litigation context" at issue here, and the Order and Google have identified none.

Simply put, how Impact Engine funds its litigation efforts is completely unrelated to whether Google's products infringe Impact Engine's patents, whether those patents are valid, and the amount of damages to which Impact Engine is entitled. *See In re Valsartan*, 405 F. Supp. 3d at 615 ("[D]iscovery will be Ordered where there is a sufficient showing that a non-party is making ultimate litigation or settlement decisions, the interests of plaintiffs or the class are sacrificed or are not being protected, or conflicts of interest exist.  However, no such evidence has been raised by defendants and, to date, the Court has not seen anything of the sort."); *Benitez,* 2019 WL 1578167 at *1 ("Whether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue.") (citing *Yousefi v. Delta Elec. Motors, Inc.*, No. 13-CV-1632, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015)).  Thus, the funding agreement or related documents between Impact Engine and its litigation funder concerning financial arrangements cannot be and is not reasonably calculated to lead to the discovery of admissible evidence because they have no bearing whatsoever on the claims or defenses in this case.

### C.    The Documents Google Seeks Have Minimal, If Any, Probative Value

Impact Engine also objects to the Order because in determining relevance, it did not consider the probative value of the documents Google seeks.  To be sure, the documents Google seeks have minimal, if any, probative value.  As Impact Engine

informed Google and the Court in its response to Google's motion to compel, Impact Engine does not possess any litigation funding agreements, documents or communications that include a "discussion of the case, including assessments of the strengths or weaknesses in Impact Engine's positions on liability, validity, and damages," other than one privileged document prepared by Impact Engine and its counsel. Dkt. 102-1, Declaration of Megan M. New, at ¶¶ 2-4. The documents simply do not contain what Google claims they do. That Google continues to fish for purported "party admissions"—despite Impact Engine's clear attorney declaration that no such admissions exist—shows its true intention to create a sideshow of irrelevant issues, waste Impact Engine's time and resources on documents that have no bearing on the merits of this case, and use the information in the documents to improperly inform its litigation tactics and gain leverage in the case and settlement discussions that will only harm Impact Engine. Google's requests are "negligibly relevant, minimally important in resolving the issues[,] and unduly burdensome," and therefore are "disproportional to the needs of the case." *VHT, Inc.*, 2016 WL 7077235, at *1. Thus, the documents sought have limited probative value that does not outweigh the prejudice of production to Impact Engine.

## IV. CONCLUSION

For all of these reasons, the Court should sustain Impact Engine's objections to the Order relating to the production of the litigation funding agreement and related documents.

DATED: August 26, 2020

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: /s/ *Sharre Lotfollahi*
Sharre Lotfollahi

Attorneys for Plaintiff
IMPACT ENGINE, INC.,

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing document has been served on August 26, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

DATED:  August 26, 2020                    KIRKLAND & ELLIS LLP

By: /s/ *Sharre Lotfollahi*
Sharre Lotfollahi

Attorneys for Plaintiff
IMPACT ENGINE, INC.,

IMPACT ENGINE'S RULE 72 OBJECTIONS TO DISCOVERY ORDER