# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date: September 30, 2016                                               Judge: Hon. James Donato

Time: 20 Minutes

Case No.      **C-14-cv-03985**
Case Name     **Telesocial, Inc. v. Orange S.A., et al**

Attorney(s) for Plaintiff(s):    Todd Briggs/Edward DeFranco/David E. Myre
Attorney(s) for Defendant(s):    Anthony D. Mirenda/Michael H. Page/Daniel Schimmel

Deputy Clerk: Lisa Clark

## PROCEEDINGS

Telephonic Discovery Hearing re Dkt. Nos. 156, 157, 160, 161 and 164 (Not Reported) - held

## NOTES AND ORDERS OF THE COURT

The Court and parties discussed Orange's discovery dispute letters (Dkt. Nos. 156 and 157).

Orange's proposed relief related to the Attali's deposition is denied. Dkt. No. 156. Attali is a third-party witness that Telesocial does not control and with whom Telesocial's lawyers have had no substantive communications. Telesocial states that it has provided all of the contact information that it has for Attali, although somewhat on the late side. There is no evidence that Telesocial is doing anything inappropriate with this witness or deposition. The Court will amend the scheduling order to give additional time to finish discovery in light of this and other delays.

Orange's request for documents and communications between Telesocial and a litigation funder is denied. Dkt. No. 156. Orange did not show any relevance to the claims. In addition, Telesocial states that the funder was not engaged until after the lawsuit was filed and that the parties agreed that post-filing communications of this sort would be deemed to be work product. The parties are reminded that, separate and apart from this issue, they must comply with the disclosure required by Civil Local Rule 3-15.

Orange's request to strike Telesocial's amended interrogatory responses about its trade secrets is denied without prejudice to renewal. Dkt. No. 157. Orange contends that Telesocial has changed its trade secret designations to fit the facts emerging from discovery. The interrogatory responses show some changes, but it is not possible to tell at this time whether they

1

Exhibit 1
Page 1

are clarifications, as Telesocial says, or wholesale alterations, as Orange argues. This issue is deferred until the close of discovery, and Orange may raise it at summary judgment if it believes the evidence warrants that.

The parties will advise the Court on their preference for mediators within 60 days.