# EXHIBIT 2

| | |
|---|---|
| **From:** | Andrea P Roberts <andreaproberts@quinnemanuel.com> |
| **Sent:** | Tuesday, June 9, 2020 1:24 PM |
| **To:** | New, Megan M.; #ImpactEngine_Google |
| **Cc:** | QE - IE |
| **Subject:** | RE: Impact Engine v. Google |



> This message is from an EXTERNAL SENDER - be cautious, particularly with links and attachments.

Megan,

I write in response to your June 4 email regarding Google's RFP 60, and Interrogatory Nos. 1 and 12.

Initially, we are pleased that the parties have agreed on the date by which Impact Engine will further respond to Interrogatory No. 12, and can report that date to the Court on June 10.

With respect to Interrogatory No. 1, Impact Engine has not yet provided a complete response; it only provided approximate dates of conception and reduction to practice. Impact Engine's June 2 response also does not cite any documentation to support the approximate dates provided therein. It is unclear from the response if Impact Engine is relying on the same documents it cited in earlier responses to Interrogatory No. 1 – on which it relied for a later priority date – or other, yet to be identified documents. In any event, Judge Skomal's Order provides that if Impact Engine "believes in good faith that at this point in the litigation it cannot complete its response to ROG #1, . . . the parties are to meet and confer to try to resolve when" Impact Engine will be able to fully supplement its response to this interrogatory. In my June 1 email, I asked that, if Impact Engine did not provide its full response on June 2, that Impact Engine be prepared to explain to us why it cannot provide more information now, and what additional information it needs so that the parties can confer about when Impact Engine will be able to fully supplement its response to this interrogatory. It is disappointing that this requested information was not included in your June 4 email. Given that the parties must file something with the Court by tomorrow, June 10, we are available this afternoon or tomorrow to discuss when Impact Engine will be able to do so. It would facilitate the meet and confer if Impact Engine would provide the requested information in advance of the meet and confer so that we can be prepared to discuss the issues.

Similarly, related to the approximate dates of conception and reduction to practice provided in Impact Engine's June 2, 2020 response to Interrogatory No. 1, it is unclear whether Impact Engine is now claiming those dates as the priority dates for the asserted claims. Impact Engine's June 2, 2020 Infringement Contentions do not reference these dates, still stating that the priority date for the asserted claims is April 13, 2005. Can you please confirm that, notwithstanding the approximate dates provided in Impact Engine's interrogatory response, Impact Engine is not changing the asserted priority date for the asserted claims?

Finally, with respect to Google's RFP 60, the parties are at an impasse, as we were before our prior teleconference with the Court. Google continues to seek (1) the contracts and agreements with litigation funders or relating to litigation funding, and (2) documents regarding those contracts and agreements. This is what is requested in the RFP. Judge Skomal did not require Google to narrow its request. Rather, he suggested that the parties see if they could reach agreement or at least crystallize the issues in the dispute. Given that Impact Engine is unwilling to produce or log documents that fall into (1) or (2), even if they are located via hits on search terms, the scope of the parties' disagreement is as to both of those two categories of documents.

==With respect to the arguments in your June 4 email, based on Impact Engine's representation that it will further amend its response to Google's Interrogatory No. 10 to state that "there are no rights or conditions whatsoever associated with the asserted patents (including but not limited to ownership, license, options, security interests, etc…) that are conveyed to any third party," Google will not raise standing arguments in moving to compel documents responsive to RFP 60.==

Next, it is hardly speculation that communications regarding contracts and agreements with litigation funders would include discussion of issues of liability, validity, damages, or other issues in the case. Indeed, Impact Engine does not dispute that such

1

Exhibit 2
Page 3

communications would relate to such topics. Those communications by Impact Engine—which would be party admissions—may undermine the arguments Impact Engine presents in the litigation.

Finally, while Judge Skomal's initial reaction may have been skepticism regarding the admissibility of Impact Engine's potential trial themes that Google raised concern with, he did not rule on Google's motion. And notably, Impact Engine did not commit, as Google asked it to do to if Google were not to seek to this discovery, to not present such themes at trial, of which Judge Skomal was not aware as well.

Accordingly, we will advise the Court that the parties have not resolved their dispute as to RFP 60.

Thanks,

Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** New, Megan M. [mailto:mnew@kirkland.com]
**Sent:** Thursday, June 4, 2020 9:01 AM
**To:** Andrea P Roberts ; #ImpactEngine_Google
**Cc:** QE - IE
**Subject:** RE: Impact Engine v. Google

**[EXTERNAL EMAIL]**

Andrea,
Thank you for your email. We appreciate you providing Google's proposals and positions on Google's RFP No. 60 and Interrogatory Nos. 1 and 12. Our responses are below.
**Google's RFP No. 60:** As an initial matter, it does not appear that Google has narrowed this request at all, despite being encouraged by Magistrate Judge Skomal to do so. Instead, Google continues to insist that Impact Engine produce (1) contracts and agreements with litigation funders or relating to litigation funding, and (2) documents regarding those contracts and agreements. But Google's arguments as to why these documents are relevant are without merit.
*First*, as far as we are aware, Google has raised no issues related to standing to sue or ownership of the asserted patents, and Impact Engine has already stated in response to Google's Interrogatory No. 10 that "The inventors of the Asserted Patents assigned the full right and title to each patent to Impact Engine as recorded with the USPTO." Google thus has no legitimate basis to challenge Impact Engine's standing to sue or ownership of the asserted patents, let alone use irrelevant documents related to litigation funding to do so. Nevertheless, in order to put this issue to rest, Impact Engine will agree to further supplement its response to Interrogatory No. 10 to state that "there are no rights or conditions whatsoever associated with the asserted patents (including but not limited to ownership, license, options, security interests, etc…) that are conveyed to any third party" (which would include litigation funders).
*Second*, Google's arguments that documents related to contracts and agreements with litigation funders or relating to litigation funding and documents regarding those contracts and agreements are relevant to "party admissions relating to liability, validity, damages, or other issues in the case" is without merit. Google has simply identified every broad issue in a patent case (including the

2
Exhibit 2
Page 4

incredibly vague "other issues in the case" catchall), with no specifics whatsoever about why the documents sought are relevant to those issues. If a party could simply argue that documents "might" include party admissions in order to discover them, then virtually all documents in a party's possession would be subject to discovery.

*Finally*, Google has inexplicably raised the same argument Judge Skomal has already rejected with respect to "undermining Impact Engine's expected trial themes." Indeed, Mr. Perlson raised on our call with Judge Skomal the possibility that Google will need to tell the jury "that any damages awarded would not solely be going to Impact Engine and those individuals," but instead, that some portion would go to litigation funders, and Judge Skomal indicated that such evidence would not be admissible. Other courts agree and have excluded any evidence, argument or testimony related to litigation funding. *See, e.g., SSL Servs., LLC v. Citrix Sys., Inc.,* No. 2:08-CV-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (Gilstrap, J.) (precluding the parties from making any reference to investors in the litigation, litigation financing or attorney's fee arrangements); *Eidos Display, LLC v. Chi Mei Innolux Corp.,* No. 6:11-CV-00201-JRG, 2017 WL 2773944, at *1 (E.D. Tex. May 26, 2017) (precluding "references, argument, or evidence regarding litigation funding documents"). Moreover, it would be improper for Google to seek to preclude Impact Engine from arguing that "damages should be awarded to remedy" the harm to Impact Engine on the basis that Impact Engine did not produce the documents sought through RFP No. 60, as Impact Engine is entitled to damages if Google is found to infringe as a matter of law. *See* 35 U.S.C. 284 ("Upon finding for the claimant **the court shall award the claimant damages** adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.") (emphasis added). Accordingly, Impact Engine will not produce (1) contracts and agreements with litigation funders or relating to litigation funding, and (2) documents regarding those contracts and agreements.

**Google's Interrogatory No. 1:** With respect to Impact Engine's supplemental response to Interrogatory No. 1, as you know, we provided that yesterday. Consistent with Judge Skomal's order, Impact Engine has identified approximate dates of conception and reduction to practice. Impact Engine has also produced documents evidencing conception and reduction to practice, but is also currently investigating e-mails that may allow Impact Engine to provide more precise dates and a more fulsome response regarding Impact Engine's diligence in reducing the invention to practice. We are happy to meet and confer with Google about when Impact Engine will be in a position to provide that further supplemental response.

**Google's Interrogatory No. 12:** Impact Engine agrees to supplement its response to this interrogatory by June 26.

Thanks,
Megan
**Megan M. New**
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 7439 **M** +1 312 593 5272
**F** +1 312 862 2200
-----------------------------------------------------
megan.new@kirkland.com
**From:** Andrea P Roberts <andreaproberts@quinnemanuel.com>
**Sent:** Monday, June 1, 2020 4:19 PM
**To:** New, Megan M. <mnew@kirkland.com>; #ImpactEngine_Google <ImpactEngine_Google@kirkland.com>
**Cc:** QE - IE <qe-ie@quinnemanuel.com>
**Subject:** Impact Engine v. Google

Megan,

I write regarding the issues on which the parties are required to meet and confer by June 10.

**Google's RFP 60**

During the May 22 telephonic hearing with Judge Skomal, Impact Engine suggested that it did not know what documents Google seeks and that we'd broadened our request. As indicated during the hearing, we disagree. But, in any event, RFP 60 calls for documents regarding contracts or agreements with third parties relating to the litigation or asserted patents. The scope of the request thus includes (1) contracts and agreements themselves, and (2) documents regarding those contracts and agreements. Accordingly, with respect to documents relating to litigation funding, Google seeks (1) the contracts and agreements with litigation funders or relating to litigation funding, and (2) documents regarding those contracts and agreements. As we understand, Impact Engine refuses to produce all such documents. If that is incorrect and there is some subset of these documents that Impact Engine is willing to produce, please let us know.

As we previously stated, both (1) contracts and agreements, and (2) documents regarding those contracts and agreements are relevant to a number of issues, including: standing/ownership; party admissions relating to liability, validity, damages, or other issues in the case; and undermining Impact Engine's expected trial themes. As argued during the hearing, we expect that Impact Engine will argue at trial that Impact Engine was harmed by Google's alleged infringement, and give the impression to the jury that a damages award is needed to make Impact Engine whole. This is evident from the allegations in Impact Engine's complaint. By way of example only, Impact Engine alleges: "Google's actions left the dedicated and hard-working employees of Impact Engine with no options other than litigation" (Dkt. 53, ¶ 5), "Neil and Bryan's personal sacrifices and capital investments, along with those of their family and friends, enabled Impact Engine's research and development efforts" (*id.*, ¶ 13), "Neil put a halt on all new product and feature development, reprioritizing Impact Engine's new products and innovation team to develop a dynamic advertising building platform specifically catered to Google" (*id.*, ¶ 28), "[t]o complete all required deliverables, Impact Engine's entire development team was required to grind away in a six-week 'sprint' to complete the work in accordance with Google's specifications. . . . To do so, Impact Engine's development team collectively labored for over two thousand hours. Google paid nothing for this work" (*id.*, ¶ 32), and "[t]he cash and opportunity costs for Impact Engine to put its own product development efforts on hold was substantial" (*id.*, ¶ 33). Yet, Impact Engine has acknowledged that there is a litigation funder behind the curtain in this lawsuit. To the extent that Impact Engine is going to focus on the harm to its business and the individuals involved in it, an obvious attempt to plea to the jury's emotions, the jury is entitled to know, and Google should be entitled to show, that any damages awarded would not solely be going to Impact Engine and those individuals. That Impact Engine is somehow characterizing this as a competitor case and seeking lost profits only further increases the potential for the jury to be confused by Impact Engine's narrative as opposed to the facts. If Impact Engine is going to present such themes at trial, then Google is entitled to the documents it seeks.

If Impact Engine will agree to make no arguments at trial to the effect or implication that Impact Engine or its principals have been harmed by Google's alleged conduct and damages should be awarded to remedy that harm, including eliciting testimony or evidence relating to such arguments, then Google will not seek an order compelling Impact Engine to produce these documents. If Impact Engine will not make such a commitment, then it needs to produce the documents sought.

Also, as mentioned at the May 22 hearing, for documents regarding contracts or agreements relating to litigation funding, we would expect Impact Engine to treat them like other emails. In other words, if Impact Engine identifies responsive documents in its email searches, then it should produce them or include them on a privilege log if privileged. For contracts or agreements relating to litigation funding, those documents should be produced. If Impact Engine will represent in writing that there are no rights or conditions whatsoever associated with the asserted patents (including but not limited to ownership, license, options, security interests, etc…) that are conveyed to any third party or litigation funder, then we will agree not to raise the standing issue with the Court.

We look forward to Impact Engine's response.

**Google's Interrogatory No. 1**

If Impact Engine believes in good faith that it cannot complete its response to this interrogatory as narrowed by the Court's Order, then it must provide approximate dates of conception and reduction to practice by June 2, and the parties are to meet and confer to try to resolve when Impact Engine will be able to fully supplement its response to this interrogatory. We believe that Impact Engine will have all of the information it needs to provide a complete response to Interrogatory No. 1 by June 2. If Impact Engine is not planning to do so, then we expect Impact Engine to explain to us why that is not the case, and what additional information it needs so that the parties can confer about when Impact Engine will be able to fully supplement its response to this interrogatory.

**Google's Interrogatory No. 12**

We propose that Impact Engine supplement its response to this interrogatory by June 26. This is two weeks before the parties' deadline to submit the Joint Claim Construction chart, worksheet, and hearing statement. To the extent Impact Engine's response to this interrogatory raises any claim construction-related disputes, this will give the parties two weeks to further confer about proposed claim constructions before their submission to the Court. Please let us know if Impact Engine will agree.
Thanks,
Andrea
**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.