Sharre Lotfollahi (SBN 258913)
sharre.lotfollahi@kirkland.com
Benjamin Yaghoubian (SBN 292318)
benjamin.yaghoubian@kirkand.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
(310) 552-4200

Garret A. Leach (admitted *pro hac vice*)
garret.leach@kirkland.com
Megan M. New (admitted *pro hac vice*)
megan.new@kirkland.com
Nikhil Krishnan (SBN 300616)
nikhil.krishnan@kirkland.com
Kyle M. Kantarek (admitted *pro hac vice*)
kyle.kantarek@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000

*Attorneys for Plaintiff Impact Engine, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | CASE NO. 3:19-cv-01301-CAB-DEB<br><br>**IMPACT ENGINE'S PRIVILEGE LOG FOR *IN CAMERA* REVIEW PURSUANT TO DOCKET NO. 113**<br><br>Judge: Hon. Cathy A. Bencivengo<br>Courtroom: 4C<br>Magistrate: Hon. Daniel E. Butcher<br>Courtroom: 3C |

Pursuant to the Court's September 11, 2020 Order (Dkt. 113), Impact Engine submits for the Court's *in camera* review its privilege log for documents responsive to Judge Butcher's August 12, 2020 order relating to litigation funding documents (Dkt. 101). Impact Engine's privilege log and the logged documents are being submitted in hard copy to the Court's chambers for *in camera* review.

As set forth in the parties' Joint Discovery Submission to Judge Butcher (Dkt. 102), in Impact Engine's Rule 72 objections (Dkt. No. 104 at n.2), and as noted during the September 10 call with the Court, Impact Engine's litigation funding agreement and documents related to that agreement are protected from discovery by the attorney work product immunity and/or the common interest privilege.

First, the agreement between Impact Engine, its litigation funder, and its counsel is subject to attorney work product immunity. The agreement between Impact Engine and its funder was "created because litigation was expected. This is sufficient to bring them within the protections of the work-product doctrine." *Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 315CV01735HRBB, 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016); *see also United States v. Homeward Residential, Inc.,* No. 4:12-CV-461, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016) ("[L]itigation funding information is protected by the work product doctrine. The litigation funding documents were between [plaintiff] and actual or potential litigation funders and were used to possibly aid in future or ongoing litigation."). Indeed, the agreement between Impact Engine and its funder expressly contemplated and was created for the purpose of this litigation. *See, e.g.*, Priv. Log Entry No. 2. Thus, because the attorney work-product doctrine applies, Google "is not entitled to discover the amount of money sought or received by [Impact Engine], the details of the agreement it has with its funder, or how much the funder will receive if [Impact Engine] wins the case."[1]

---

[1] Should the Court find that the litigation funding agreement is not protected from disclosure by the attorney work product doctrine or common interest privilege, Impact Engine respectfully requests that it be permitted to redact privileged, irrelevant

*Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 742 (N.D. Ill. 2014).

Second, courts have recognized that materials shared with a litigation funder, including communications related to the funding agreement, may be protected from discovery under the attorney work-product doctrine. *Mondis Technology, Ltd. v. LG Electronics, Inc.*, Nos. 2:07–CV–565–TJW–CE, 2:08–CV–478–TJW, 2011 WL 1714304, at *2-3 (E.D. Tex. May 4, 2011) (documents prepared for and shared with potential investors were protected work product because they "were prepared in assistance with [plaintiff's] counsel for the purpose of aiding future litigation"); *Miller UK*, 17 F. Supp. 3d at 735-740 (documents provided to litigation funders by a plaintiff and its counsel pursuant to confidentiality agreements were protected work product); *see also Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486, 2017 WL 2834535, at *1-*3 (N.D. Ill. Jun. 30, 2017) (work product applied and noting "that its conclusion is consistent with that of other courts that have considered whether the work-product doctrine applies in similar circumstances"); *Odyssey Wireless*, 2016 WL 7665898 at *5 ("Although there is a dearth of case law regarding the applicability of the work-product doctrine to litigation funding documents, the district courts that have addressed this issue have found this protection applicable.") (collecting cases). Further, courts have recognized that disclosure of attorney work product to a litigation funder does not waive work product protection, especially where, as here, the materials were exchanged under a Nondisclosure Agreement. *See, e.g., Mondis Tech.*, Ltd., 2011 WL 1714304, at *3 ("[A]lthough these documents [regarding litigation funding] were disclosed to third parties, the disclosures do not create a waiver because they were disclosed subject to [nondisclosure] agreements and thus did not substantially increase the likelihood that an adversary would come into possession of

---

and highly sensitive fee information, and the identity of the funder from the agreement and drafts of the agreement. Impact Engine has outlined in red the portions of the agreement and draft agreements that it proposes redacting in the copy of the agreement made available for *in camera* inspection so that the Court may review the proposed redactions. *See* Priv Log Entry Nos. 2-4.

the materials."); *Odyssey Wireless*, 2016 WL 7665898 (same); *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 1031157, at *6 (E.D. Tex. Mar. 15, 2016) ("[T]he Court finds that the protected information was not waived by disclosure to the possible or actual litigation funders.  Litigation funders have an inherent interest in maintaining the confidentiality of potential clients' information....").

        Third, courts have recognized that privileged communications shared with a litigation funder may be protected from discovery where the plaintiff and its funder share a common interest.  "In the context of work product, common interest is more broadly construed to include disclosure to third parties." *Odyssey Wireless*, 2016 WL 7665898, at *6 (citing *Bofi Fed. Bank v. Erhart*, Case No. 15cv2353 BAS (NLS), 2016 WL 4150983, at *4 (S.D. Cal. Aug. 5, 2016)).  For instance, the court in *Devon IT, Inc. v. IBM Corp.*, quashed a subpoena seeking materials shared with a litigation funder because those materials were privileged and protected under the attorney-client privilege, the work product doctrine, and the common interest privilege.  No. 10-2899, 2012 WL 4748160, at *1 n. 1 (E.D. Pa. Sept. 27, 2012).  The court noted that the plaintiff and its funder "now have a common interest in the successful outcome of the litigation which otherwise [Plaintiff] may not have been able to pursue without the financial assistance of [funder]" and that the documents were shared with the funder under "controlled conditions" pursuant to a Confidentiality, Common Interest, and Non-Disclosure Agreement, and thus held that privilege was not waived.  *Id*; *see also Odyssey Wireless*, 2016 WL 7665898, at *6 (no waiver of attorney work-product privilege and common interest between the parties); *Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, No. EDCV171388ABKKX, 2018 WL 8193374, at *7 (C.D. Cal. May 14, 2018) (same).

        The materials Google seeks and subject to the Court's Order (Dkts. 101, 113)—the litigation funding agreement and documents or communications related to that agreement—are unquestionably work product.  Those documents were prepared by

Impact Engine and its counsel in anticipation of this litigation and would reveal Impact Engine's counsel's mental impressions and opinions about this case. Further, Impact Engine and its funder share a common legal interest in the preservation and enforcement of Impact Engine's legal rights and entered into a Nondisclosure Agreement in order to be able to exchange information regarding those rights. *See* Priv Log Entry Nos. 1; 2, at 2, 20-21.

DATED: September 22, 2020

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: /s/ *Sharre Lotfollahi*
Sharre Lotfollahi

Attorneys for Plaintiff
IMPACT ENGINE, INC.,

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document has been served on September 22, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

DATED:  September 22, 2020        KIRKLAND & ELLIS LLP

By: /s/ *Sharre Lotfollahi*_____
      Sharre Lotfollahi

Attorneys for Plaintiff
IMPACT ENGINE, INC.,