UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 3:19-cv-01301-CAB-DEB <br><br> **ORDER ON MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS** <br><br> [Doc. No. 118] |

Google propounded a request on Impact Engine for production of "[all] Documents Regarding any contracts or agreements between Plaintiff and any Third Party concerning (1) This Litigation and/or (2) any Asserted Patent or Related Patent." [Doc. No. 101.] Impact Engine indicated it would produce non-privileged responsive documents except for potential agreements related to litigation funding on the basis such documents were not relevant. The magistrate judge found the withheld documents relevant and therefore discoverable. He did not however make any determination regarding privilege or other protections. [Id.]

Impact Engine appealed the order and finding no clear error in the magistrate judge's ruling, the Court overruled Impact Engine's objection to the relevancy determination. [Doc. No. 113.] Impact Engine was then instructed to produce the responsive documents and/or serve a privilege log for those documents it asserts are

protected and submit the documents to the Court for *in camera* review. Impact Engine made the submission. [Doc. No. 118.] Google filed a response. [Doc. No. 122].

Impact Engine asserts work product protection for the documents at issue. Under the work product doctrine, Fed.R.Civ.P. 26(b)(3)(A), a party generally may not obtain discovery of "documents and tangible things that are prepared in anticipation of litigation or trial by and for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)." This protect may be overcome if the requesting party shows that they have a "substantial need for the materials" and cannot "obtain their substantial equivalent by other means." *Id.* Even if a party makes this showing, they cannot obtain core work product – information revealing "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3)(B).

Impact Engine submitted a non-disclosure agreement and a litigation funding agreement, along with drafts of that agreement, term sheets and a "case discussion." The Court has reviewed each of the documents. It is clear these documents were created because of the litigation they will fund.

"A document should be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torfl Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice and Procedure §2024 (2d ed. 1994)). The submitted documents satisfy the "because of" test and constitute work product. *See e.g., Continental Circuits LLC v. Intel Corp.* 435 F.Supp.3d 1014, 1020-21(D. Ariz 2020).

The work product protection is not waived because it was shared with another person or entity.  Work product doctrine protects against disclosure to potential adversaries.  In this case, disclosure of the litigation funding agreement, including the preparatory materials, to the litigation funder, a party to the agreements, did not substantially increase the opportunity for Google, Impact Engine's litigation adversary, to obtain the agreements.  The documents reviewed by the Court included confidentiality provisions regarding the agreements, the terms and the information related to them.

Disclosure to a person with interest common to that of the attorney or the client is not inconsistent with the intent to invoke the protection of the work product doctrine.  *Id.* at 1022.  The documents at issue reflect a common interest between Impact Engine and the funder.  They also reflect the clear expectation of both parties to the documents that the information would remain confidential.

Several courts have held that the work product protection for litigation funding documents is not waived when such documents containing confidentiality provision are disclosed to litigation funders with common interests.  *Id.* (cases cited therein).

The Court finds that work product protection applies to the documents produced *in camera* and Impact Engine is not required to produce them.

IT IS SO ORDERED.

Dated:  October 20, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

01980-00150/12351133.1