Sharre Lotfollahi (SB 258913)
Ben Yaghoubian (SB292318)
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor
Los Angeles, CA 90067
Telephone:  (310) 552-4200
Facsimile:  (310) 552-5900
sharre.lotfollahi@kirkland.com
benjamin.yaghoubian@kirkland.com

Garret A. Leach (IL 6237520)
Megan M. New (IL 6300422)
Nikhil Krishnan (SB 300616)
Kyle M. Kantarek (IL 6320889)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
garret.leach@kirkland.com
megan.new@kirkland.com
nikhil.krishnan@kirkland.com
kyle.kantarek@kirkland.com

*Attorneys for Impact Engine, Inc.*

David A. Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Antonio Sistos (Bar No. 238847)
antoniosistos@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

David A. Nelson (Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
191 N. Wacker Drive Suite 2700
Chicago, IL 60606
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

*Attorneys for Google LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., | CASE NO. 3:19-cv-01301-CAB-DEB |
| Plaintiff, | **JOINT SUBMISSION REGARDING PROPOSED SCHEDULING ORDER** |
| v. | |
| GOOGLE, LLC, | Judge: Hon. Cathy A. Bencivengo |
| Defendant. | Magistrate: Hon. Daniel E. Butcher |
| | Courtroom: 4C |

Pursuant to the Court's February 5, 2021 Order, (Dkt. 148), the parties jointly submit their proposals regarding the Scheduling Order in this case.

**Impact Engine's Proposal:**

Impact Engine's proposed schedule is set forth in the attached Exhibit A.  Impact Engine's proposal largely mirrors the parties' initial agreement and the Court's March 3, 2020 Scheduling Order in terms of timing for and between each of the events contained in the Scheduling Order.  The only additions to Impact Engine's proposed schedule are a date for Impact Engine to file a Motion for Leave to Amend its Infringement Contentions Per the Court's September 10, 2020 Instructions ("Motion for Leave to Amend"), and a date for Google to supplement its discovery responses in view of those amended contentions.[1]

Google instead is again seeking a delay of all discovery while this Court decides Google's forthcoming second motion under 35 U.S.C. § 101.  While Impact Engine does not agree that now is the appropriate time for Google to file that motion, and will oppose that motion, it believes the parties can and should continue with discovery in this case while that motion is briefed and decided.  As this Court is aware, Google's first motion to dismiss under § 101 effectively stayed the case for four months, from September 2019 until January 2020.  Further, due to the COVID-19 pandemic, there was a three-month delay in fact discovery during claim construction, during which time the Court vacated the Scheduling Order. Doc. No. 135.  These delays have hindered the parties' discovery efforts and it is time for the parties to move forward with this case, which can be done in parallel with Google's motion.  Google seems to recognize as much.  Indeed, while Google requests a stay of discovery during briefing on its second § 101 motion, it also suggests another round of claim construction briefing and a third claim construction hearing during the time that its § 101 motion is pending, seemingly acknowledging that this case needs to proceed

---

[1]   Impact Engine's Motion for Leave to Amend is being filed concurrently with this joint submission.  As explained in that motion, Impact Engine does not believe a motion for leave is necessary in light of the Court's prior instructions to the parties, but is filing its Motion as a precaution since Google has indicated it will move to strike Impact Engine's amendments.

despite Google's motion.  In other words, Google proposes only to move forward with the portions of the case it prefers, while continuing to stymie Impact Engine's efforts to take the discovery to which it is entitled on its claims.

The merits of Google's forthcoming motion also weigh against a stay.  This Court has already denied Google's § 101 motion as to the claimed invention, not simply the "project builder" limitation.  As Impact Engine clarified in the most recent claim construction hearing, "the claim[s] as a whole … incorporate[] all these other elements which is what makes this particular project builder unique."  2021-01-14 Hr'g Tr. at 56: 3-13.  Through its renewed motion, Google simply seeks to reargue its already-rejected position.  Thus, a stay of case deadlines as proposed by Google is inappropriate.

Nor does Impact Engine's Motion for Leave to Amend warrant a stay in this case. Contrary to Google's argument, and as set forth in Impact Engine's concurrently-filed Motion for Leave to Amend, Impact Engine's amended contentions do not broaden the case in any way.  In accordance with this Court's instructions on September 10, 2020, Impact Engine is providing amended claim charts to obviate Google's unwarranted objections to providing discovery on products that have been accused in Impact Engine's operative infringement contentions in this case.  As the Motion for Leave to Amend explains, the products accused of infringement are and have always been Google Ads/AdWords, Display and Video 360, and YouTube Video Builder in connection with Google Ads.  Google twice attempted to unilaterally narrow these products to a smaller subset of ad creation tools and take exemplary accused ad formats used by those tools as limiting.  Impact Engine raised this dispute with the Court in September 2020.  The amended contentions add no new products to this case.  Google's decision to unilaterally narrow the scope of discovery on its end resulted in a failure to produce required discovery. Requiring that Google remedy this deficiency to provide information on the full scope of accused products does not broaden the case.

Finally, Impact Engine plans to limit the number of asserted claims after service of Google's Final Invalidity Contentions and completion of any additional claim construction

in this matter.  As this Court noted in its February 17, 2021 order, Google will file its Final Invalidity Contentions in accordance with the Patent Local Rules to remedy the deficiencies that caused Impact Engine to move to compel amended invalidity contentions in the first place.  Doc. Nos. 106, 149.  Impact Engine should not have to further narrow its claims without Google having first served final invalidity contentions that accordance with the Patent Local Rules.  Further, Google has proposed in its schedule dates for additional claim construction.  If the Court is inclined to order further claim construction briefing, Impact Engine will narrow its asserted claims after a second claim construction order issues and the parties have another opportunity to serve their final infringement and invalidity contentions under the Patent Local Rules.  *See* Doc. No. 149.

**Google's Proposal:**

In light of the Court's claim construction ruling, Google plans to file a motion for judgment on the pleadings under 35 U.S.C. § 101 ("§ 101 Motion") no later than March 5, 2021.  In opposing Google's § 101 motion to dismiss, Impact Engine argued that the "project builder" constituted "particular improvements in the functioning of earlier computer-based systems" as well as an "inventive concept" under *Alice* steps 1 and 2.  Dkt. 28 at 12-13, 22-23.  The Court relied on Impact Engine's representations at the 12(b)(6) stage in denying Google's motion (101 Tr. 31:11-25), but indicated Google's § 101 motion could be revisited should Impact Engine argue at claim construction that "project builder" is not limited to the various different limitations that are in the specification. *Id.*

At claim construction, Impact Engine did just that.  It urged the Court to construe "project builder" broadly as "a known program construct that would be familiar to one of skill in the art," and opposed Google's construction of the "project builder" as a means-plus-function term limited to the disclosures in the specification. *See, e.g.,* Dkt. 108 at 14. While the Court did not adopt Impact Engine's construction, it did find that a "project builder" "would be tools familiar to one of skill" and was not limited to the disclosures in the specification.  Dkt. 148 at 9.  Accordingly, Google plans to bring another § 101 motion

1  and will do so no later than March 5[2].

2  　　　Pursuant to this Court's Standing Order, the hearing on the § 101 Motion would be
3  noticed for no later than April 9.  Because the Court's ruling on this motion could dispose
4  of or significantly narrow the scope of the case, it would be most efficient for the Court to
5  address Google's § 101 Motion first before setting a schedule.  Google proposes that the
6  parties submit a joint case schedule as to whatever claims remain within two weeks of the
7  Court's order on the § 101 Motion, and then proceed with discovery if needed at that time.

8  　　　Impact Engine's arguments that Google's proposal will cause undue delay are
9  unfounded.  The issues underlying the § 101 Motion have already been well briefed and
10  argued which will help with resolution.  The potential efficiencies should Google's motion
11  succeed far outweigh any concerns about a delay in discovery that will recommence (if
12  necessary).  And while Impact Engine complains about potential delay, its conduct during
13  this case belies any such concern.  In particular, even before the Court scheduled a second
14  *Markman* hearing, Impact Engine sought a two-month extension of fact discovery.  (Dkt.
15  133.)  Thus, Impact Engine was seeking to extend the schedule even before the Court
16  vacated the prior schedule.  (Dkt. 133, 135.)

17  　　　Moreover, Impact Engine now intends to file a Motion for Leave to Amend its
18  Infringement Contentions seeking to significantly broaden the scope of the case.
19  Resolution of Impact Engine's motion will potentially affect the scope of the case and
20  discovery, just like Google's § 101 Motion.  While Google will oppose Impact Engine's
21  motion and is confident the Court will agree with Google, if Impact Engine's motion is
22  granted, contrary to Impact Engine's contention, it could dramatically expand the scope of
23  the case as discussed further below.  Accordingly, it is sensible and efficient for the Court
24  to consider Google's Motion for Leave to Amend its Infringement Contentions in tandem
25  with Google's § 101 Motion.  The parties can then submit a case schedule, if necessary,
26  after these motions are resolved.

27
28  ---
[2]  Impact Engine's supposed "clarification" at the most recent claim construction hearing
did not resolve its inconsistent positions as Google will explain in its § 101 Motion.

In the alternative, to the extent that the Court determines that discovery and other case deadlines should continue in parallel with briefing on Google's § 101 Motion and Impact Engine's Motion for Leave to Amend its Infringement Contentions, Google proposes the schedule set forth in Exhibit B. There are three key deficiencies in Impact Engine's schedule: (1) it does not have any provision for claim narrowing; (2) it assumes Impact Engine will be permitted to expand the scope of the case; and (3) it does not account for further claim construction

*First,* in the Court's ruling on Impact Engine's Motion to Compel regarding Google's Invalidity Contentions, the Court directed that the asserted claims need to be focused and narrowed. Dkt. 149. Impact Engine still asserts 42 claims in 8 patents, and 64 claims are actually at issue due to Impact Engine's assertion of dependent claims without the independent claims from which they depend. This is not a manageable number of claims. Google proposes that Impact Engine reduce its asserted claims to no more than 16 total claims, and no more than 3 claims per patent. This narrowing should be done regardless given the Court's Claim Construction Order. Indeed, following the Court's Claim Construction Order, Google sent Impact Engine a letter indicating that Impact Engine should drop some of its asserted claims based on the Court's constructions of the "compiler" and "broadcast" terms which were dispositive on Impact Engine's infringement theories. Thus, there should be no issue in Impact Engine being able to do this by Google's proposed date of March 1.

Impact Engine argues that it should not need to limit the number of asserted claims until after Google serves its Invalidity Contentions and, if there is further claim construction, not until after that too. Impact Engine is the plaintiff. It should narrow the scope of the case *now* based on what has already occurred in the case over the last year, including claim construction and discovery. It should not wait until after the Court does another round of claim construction only to then drop claims containing the terms at issue in the second round. That is not efficient and would waste Court and party resources. Impact Engine's argument that it needs to see Google's final invalidity contentions before

narrowing is also without merit.  The Court did not order Google to "remedy" any purported deficiencies in its Invalidity Contentions.  The Court denied the motion as moot noting that Google may serve amended Invalidity Contentions following claim construction pursuant to the local rules.  (Dkt. 149.)  To the extent needed for claim narrowing at all, Impact Engine can refer to Google's existing invalidity contentions for that purpose.

*Second*, Impact Engine's proposed schedule does not allow sufficient time for briefing and decision on Impact Engine's planned Motion for Leave to Amend Infringement Contentions and discovery thereafter if the motion is granted (which it should not be).  Impact Engine's current infringement contentions are directed to five accused functionalities (Display Ad Builder/Ad Gallery, Responsive Display Ads, Lightbox Ads, Ad Canvas, and YouTube Video Builder).  Google understands that Impact Engine's Motion for Leave to Amend Infringement Contentions will seek to add a more expansive list of products, such as Google Ads and YouTube generally.  If Impact Engine filed its motion on February 22, it would not be noticed for hearing until March 29.  Yet, Impact Engine proposes a May 7 deadline for Google to supplement its "discovery responses and document production to address amended infringement contentions." Google, however, must investigate any newly accused products and functionalities, identify and interview relevant witnesses, identify responsive documents and prepare them for production, and supplement written discovery.  Although it is unclear how much the case would be expanded, Google expects it would need at least two to three months of time from the Court's ruling to investigate and collect discovery on a whole new category of accused products or functionalities.  This is another reason why it makes sense to set a case schedule after briefing and resolution of the parties' upcoming motions.  But if the Court prefers to set a schedule now and if Impact Engine's Motion for Leave to Amend its Infringement Contentions is ultimately successful, Google requests the schedule be adjusted at that time with timelines consistent with the timeframes set forth in Exhibit B, but extending the schedule to allow for a three month period after the Court's ruling to allow for

supplementation of discovery by Google.

*Third*, Impact Engine's proposed schedule does not provide a schedule for the construction of additional terms.   The Court stated in its February 5, 2021 Claim Construction Order (Dkt. 148) that the parties may consider other constructions necessary in light of the Court's ruling.  Additional terms remain for construction (*see* Dkt. 87-4), so the schedule should provide for briefing and a hearing on those additional terms.  Google's alternative proposed schedule accounts for this additional claim construction.

Otherwise, Impact Engine's proposed schedule and Google's alternative proposed schedule have the same deadlines for the fact discovery and later deadlines.

JOINT SUBMISSION REGARDING PROPOSED SCHEDULING ORDER  CASE NO. 3:19-CV-01301-CAB-DEB

DATED:  February 22, 2021

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: */s/* Garret Leach
_____
    Garret Leach (IL 6237520)

*Attorneys for Plaintiff*
*IMPACT ENGINE, INC.*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: */s/* David A. Perlson
_____
    David A. Perlson

*Attorneys for Defendant*
*GOOGLE, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing document has been served on February 22, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

DATED:  February 22, 2021          KIRKLAND & ELLIS LLP

                             By: */s/* Garret Leach
                                 Garret Leach (IL 6237520)

                             *Attorneys for Plaintiff*
                             *IMPACT ENGINE, INC.,*