Sharre Lotfollahi (SB 258913)
sharre.lotfollahi@kirkland.com
Benjamin Yaghoubian (SB 292318)
benjamin.yaghoubian@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
310-552-4200

Garret A. Leach (*pro hac vice*)
garret.leach@kirkland.com
Megan M. New (*pro hac vice*)
megan.new@kirkland.com
Nikhil Krishnan (SB 300616)
Nikhil.krishnan@kirkland.com
Kyle M. Kantarek (*pro hac vice*)
kyle.kantarek@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000

Attorneys for Plaintiff
IMPACT ENGINE, INC.

David A. Perlson (Ca. Bar No. 209502)
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Attorneys for Defendant,
GOOGLE LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 3:19-cv-01301-CAB-DEB <br><br> **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> Hearing Date: <br> Time: <br> Judge: Hon. Daniel E. Butcher <br> Courtroom: 3A |

# INTERROGATORY NO. 15

## I. IMPACT ENGINE'S REQUEST AND GOOGLE'S RESPONSE

**Impact Engine's Interrogatory No. 15:** Identify and describe in detail the business and financial reasons for You making, using, making available for use, offering to sell, and selling Ad Creation Tools,[1] Ad Distribution Tools,[2] Ad Sharing Tools,[3] and Ad Tracking Tools[4] including any benefits or advantages You and customers derive from such tools, and an identification of any reports, studies, or investigations by You or on Your behalf regarding those benefits or advantages.

**Google's Response to Interrogatory No. 15:**

Google incorporates by reference its General Objections. Google further objects to this interrogatory on the grounds that it (i) is vague and ambiguous, including with respect to the terms and phrases "business and financial reasons," "using," "offering to sell," "selling," "Ad Creation Tools," "Ad Distribution Tools," "Ad Sharing Tools," "Ad Tracking Tools," "benefits," "advantages," "customers," "reports," "studies," and "investigations;" (ii) is vague and indecipherable, in particular the terms "Ad Creation

---

[1] "Ad Creation Tools" includes Display Ad Builder, Ad Gallery, Creatives Next, AdWords Next, Ad Canvas, and YouTube Video Builder, and to the extent different, any other online tools provided by Google in Google AdWords, Google Ads, Display & Video 360, and YouTube Video Builder for creation of Responsive Display Ads, Responsive Ads, Smart Display Ads, Image ads, App Promotion ads, Video ads, Product Shopping ads, Showcase Shopping ads, Travel ads, Local ads, Hotel ads, Discovery ads, Gmail ads, Lightbox ads, Remarketing ads, and any similar ad types.

[2] "Ad Distribution Tools" includes any functionality for ad serving, targeting, distributing, and/or distribution in Google AdWords, Google Ads, and Display & Video 360.

[3] "Ad Sharing Tools" includes any functionality for sharing ads, including through linked accounts or providing a shareable link, in Google AdWords, Google Ads, Display & Video 360, and YouTube Video Builder.

[4] "Ad Tracking Tools" includes any functionality for tracking the performance of ads, including any recipient interaction with ads, distributed through the Accused Functionalities.

Tools," "Ad Distribution Tools," "Ad Sharing Tools," and "Ad Tracking Tools" to the extent the definitions of those terms go beyond the functionalities accused of infringement, and purport to include unspecified Google tools; (iii) seeks a narrative response as the information is more appropriately sought through other forms of discovery, such as depositions; (iv) is duplicative other discovery, including noticed 30(b)(6) deposition topics; (v) is vague as to the level of detail sought; (vi) is compound to the extent it seeks identification and description of "business and financial reasons for [] making, using, making available for use, offering to sell, and selling" the "Ad Creation Tools, Ad Distribution Tools, Ad Sharing Tools, and Ad Tracking Tools," and the benefits or advantages of those tools; and (vii) seeks information that is not relevant to a claim or defense of any party or to the subject matter of this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, including to the extent that it seeks information about "Ad Creation Tools, Ad Distribution Tools, Ad Sharing Tools, and Ad Tracking Tools," which are broader than the functionalities accused of infringement.

Subject to and without waiving the foregoing General and Specific Objections, Google responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Google identifies the following documents from which information responsive to this interrogatory may be derived or ascertained: GOOG-IMPE-00004175; GOOG-IMPE-00004240; GOOG-IMPE-00004560; GOOG-IMPE-00004582; GOOG-IMPE-00004631; GOOG-IMPE-00004836; GOOG-IMPE-00005045; GOOG-IMPE-00005221; GOOG-IMPE-00005303; GOOG-IMPE-00005362; GOOG-IMPE-00005398; GOOG-IMPE-00005535; GOOG-IMPE-00005650; GOOG-IMPE-00005683; GOOG-IMPE-00008181; GOOG-IMPE-00010891; GOOG-IMPE-00011009; GOOG-IMPE-00011014; GOOG-IMPE-00013661; GOOG-IMPE-00033606; GOOG-IMPE-00035253; GOOG-IMPE-00035354;

1 | GOOG-IMPE-00036105; GOOG-IMPE-00036821; GOOG-IMPE-00043697; GOOG-IMPE-00048352; GOOG-IMPE-00062845; GOOG-IMPE-00067876.

**Impact Engine's February 26, 2021 Offer re Interrogatory No. 15:**

Impact Engine has provided the following explanation to Google regarding the information it is seeking through Interrogatory 15: Impact Engine is seeking a response that identifies in detail the reasons—business and financial—for Google making, using, making available for use, offering to sell, and selling the Tools identified in Interrogatory No. 15. This should include any benefits or advantages Google or customers derive from offering or using these Tools. Impact Engine does not know what Google's business or financial reasons might be, but possible examples include: (1) customers find the Tools user friendly, (2) ads created and distributed using the Tools look better than other ads, (3) ads created and distributed using the Tools have broader reach than other ad platforms, (4) specific Tools drive increases in revenue, or (5) qualitative and/or quantitative reasons for any revenue changes attributable to the Tools. Google's response to Interrogatory No. 15 should also cite to documents that evince or support any reasoning on a reason-by-reason basis throughout the response (*i.e.*, not a block citation to Rule 33(d)).

## II. IMPACT ENGINE'S ARGUMENT TO COMPEL A RESPONSE

Impact Engine (IE) seeks an order compelling Google to provide a substantive, narrative response to Interrogatory No. 15. The parties have met and conferred several times regarding Interrogatory No. 15, and IE provided further explanation in writing regarding the information sought, as set forth above. Despite this, Google has refused to provide a written, substantive response such that its only response remains a Rule 33(d) citation to 28 documents. Interrogatory No. 15 is relevant to IE's damages case and specifically to apportionment of damages, if necessary, to reflect the value attributable to the infringing functionalities. Google objects to providing any written, substantive information, alleging a substantive response is irrelevant, overbroad, unduly burdensome, and not its preferred method of discovery.[5] Google's refusal is improper and a substantive response should be compelled.

*First*, Google's reliance on a Rule 33(d) response is insufficient. In order for Google to rely solely on Rule 33(d), "the answer to the interrogatory must be capable of being determined by examining records without further explanation, and second, the burden of ascertaining the answer from the documents must 'be substantially the same for either party.'" *Kaneka Corp. v. Zhejiang Med. Co., Ltd.*, 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016). Neither condition is satisfied here. Google's 33(d) response identifies user feedback on proposed changes to certain features, such as scrolling through ads, suggestions for different asset types to include in an ad, or adding a merchant link to Lightbox Ads. *See* Ex. 1 (GOOG-IMPE-00004175); Ex. 2 (GOOG-IMPE-00004836); Ex. 3 (GOOG-IMPE-00008181). While Google did cite to user studies, those documents do not provide any information regarding the business and financial reasons that Google makes the identified tools available to consumers, or the benefits or advantages Google or

---

[5] Google also objects to common terms and phrases as "vague and ambiguous:" "business and financial reasons," "using," "offering to sell," "selling," "benefits," "advantages," "customers," "reports," "studies," and "investigations." These cannot and should not be a legitimate basis for withholding relevant discovery.

its customers derive from those tools. IE is unable to determine from the cited documents the full answer without additional explanation from Google. Further, it is incredibly burdensome for IE to guess the answer to Interrogatory No. 15 when the information sought is uniquely in Google's possession, placing a much lower burden on Google to respond.

**Second**, Google argues that providing a response to the interrogatory would be burdensome and would require it to conduct an investigation beyond the scope of the case. Not so. As an initial matter, through its February 26 proposal, IE provided Google with specific information about what the interrogatory seeks. That scope would not require the investigation Google presumes it would need to conduct. But more importantly, the accused functionalities in this case are Google Ads (including its predecessor product, Google AdWords), Display & Video 360 (including its predecessor product, Google Doubleclick), and YouTube Video Builder. Doc. No. 154 at 2-3. The claims asserted in this case cover ad creation, distribution, tracking, and sharing such that the "Tools" as defined are highly relevant. *Id.* at 3. While Google has attempted to unilaterally narrow the accused functionalities and limit discovery to only some ad creation tools within Google Ads, Judge Bencivengo recently permitted IE to serve amended infringement contentions to address Google's purported concerns about the scope of the accused products in this case. Doc. No. 156. Thus, the interrogatory seeks information that is directly relevant to the demand for and value of the accused products in this case.

**Finally**, Google's preference that it provide responsive information through a deposition is immaterial. IE may take discovery in the manner of its choosing. *See Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014) ("Rule 26(d)(2)(A) generally dictates that Plaintiffs may seek information through an interrogatory even if Defendant believes the subject matter would be better explored through a deposition."). IE is entitled to a response to this interrogatory **before** it deposes Google's witnesses so that IE can depose those witnesses regarding the response itself. This is a common—indeed, typical— approach to discovery. Google cannot refuse to provide relevant discovery simply because it disagrees with the discovery mechanism chosen by IE.

### III. GOOGLE'S RESPONSE

The Court should deny IE's request for a further interrogatory response. This broad interrogatory requires Google to reconstruct the business plan for various ads-related tools and to provide the results of its investigation in a narrative exposition that includes document citations. Google would need to interview current and potentially former employees who designed, tested, and approved each tool, and search for and review their emails and files. Undertaking these tasks for the Accused Functionalities would be an enormous undertaking.[6] Even more, this interrogatory, as framed by IE, imposes an even greater burden because it is not limited to the "Accused Functionalities." Rather, it is directed to sweeping categories of "Ad Creation Tools, Ad Distribution Tools, Ad Sharing Tools, and Ad Tracking Tools," which by definition could include "tools" that are not accused. Especially given IE's overbroad definitions, it would be impossible to identify in narrative form all the "business and financial reasons" for implementing every ad creation, distribution, sharing and tracking tools in Google's ads systems. This Court has found that "[t]o the extent [a] Plaintiff seeks every minute detail and narratives about [a] subject incident . . . , written discovery is not the proper vehicle to obtain such detail." *Anokiwave, Inc. v. Rebeiz*, No. 318-CV-629-JLS-MDD, 2019 WL 3935817, at *1 (S.D. Cal. Aug. 20, 2019).

Despite the undue burden imposed by this interrogatory, Google provided a reasonable and substantive response by producing and identifying "reports, studies, or

---

[6] IE defined "Accused Functionality" or "Accused Functionalities" as "includ[ing] the functionalities identified in Impact Engine's infringement contentions to date, and any future amendments to those infringement contentions." In its Preliminary Infringement Contentions, IE accused four specific functionalities of patent infringement—Display Ad Builder/Ad Gallery, Responsive Display Ads, Lightbox Ads, Ad Canvas—and later added YouTube Video Builder. These are referred to herein as the "accused functionalities." On March 8, 2021, IE served "Final Infringement Contentions" that attempt to add accused products. This is improper under the Patent Local Rules, and Google intends to move to strike IE's "Final Infringement Contentions." Judge Bencivengo has indicated she intends to address any disputes regarding the accused functionalities. IE's claim that the Court permitted "Final Infringement Contentions" in their current form is incorrect.

investigations" pertaining to "benefits and advantages" derived from the relevant tools. Google cited to user studies relating to the accused functionalities, which provide information regarding advertiser preferences and perceived benefits, and is responsive to IE's specific request for "identification" of such studies.[7]  Google separately produced financial and metrics information relating to the accused functionalities and for Display & Video Ads generally, which IE can evaluate for trends or impact on revenue.  Contrary to IE's argument, Google is not required to expound on the information in the documents or prepare an analysis of business and financial factors for purposes of this litigation.  IE seeks an outline for depositions of Google fact witnesses that goes far beyond information prepared in the ordinary course of business and is akin to expert testimony; Google has no obligation to prepare such a response.  IE should ask its questions during depositions.  *See Heilman v. Silva*, Case No. 13-cv-2984, 2015 WL 1632693, at *3 (S.D. Cal. Apr. 13, 2015) ("Interrogatories are not designed to elicit the type of detailed narrative Plaintiff seeks," so the "proper recourse to obtain additional details [is] to depose the responding party.").

Following the February 24 teleconference, Google asked IE to explain in writing exactly what IE seeks to try to reach a compromise.  IE failed to clarify the specific information sought.  It largely reiterated portions of the interrogatory, which is unenlightening, given that this language is at the crux of the current dispute.  For example, IE failed to clarify whether it seeks an overview of the business and financial reasons for developing ad creation platforms generally, or whether historical information regarding the development of the accused functionalities is sufficient.  Google should not have to guess as to the interrogatory's scope.  "Discovery requests must state with particularity the information sought," such that "each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only." *AJ Reyes v. Educational Credit Mgmt. Corp.*, 2016 WL 9488704, at *3 (S.D. Cal. Sept. 20, 2016) (internal quotation and citation omitted).  Given the breadth and non-proportional nature of the information sought, the Court should deny IE's motion to compel a further response.

---

[7]   IE's argument regarding Rule 33(d) thus falls flat.  IE asked Google to identify studies.

| | | |
|---|---|---|
| 1 | DATED: March 19, 2020 | Respectfully submitted, |
| 2 | | KIRKLAND & ELLIS LLP |
| 3 | | By: */s/ Garret A. Leach* |
| 4 | | Garret A. Leach |
| 5 | | Attorneys for Plaintiff |
| 6 | | IMPACT ENGINE, INC. |
| 7 | | |
| 8 | DATED: March 19, 2020 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 9 | | By: */s/ David A. Perlson* |
| 10 | | David A. Perlson |
| 11 | | |
| 12 | | Attorneys for Defendant GOOGLE LLC. |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document has been served on March 19, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

DATED: March 19, 2021                                KIRKLAND & ELLIS LLP


By: */s/ Garret A. Leach*
      Garret A. Leach

*Attorneys for Plaintiff*
*IMPACT ENGINE, INC.*