UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 19-CV-1301-CAB-DEB <br><br> **SUPPLEMENTAL CLAIM CONSTRUCTION ORDER** |

On February 5, 2021, the Court issued a claim construction order in this case. [Doc. No. 148.] The Court references that order for the background of the litigation and a description of the invention. In consideration of the constructions issued in that order, the parties were invited to submit additional terms that they felt might require construction. Google moved for the construction of three additional terms: **template**; **renders/rendered**; and **project viewer**. [Doc. No. 160.] The parties briefed the proposed constructions and argument was held on April 28, 2021.

Having considered the submissions of the parties and the arguments of counsel, and for the reasons set forth at the hearing and discussed further below, the Court issues the following supplemental claim construction order.

1. **Template** is construed as **pre-existing general structures and arrangements of a multimedia communication.** This construction is in accord with the description of

templates in the specification at Col. 11:41-43 in U.S. Patent No. 7,870,497. [Doc. No. 1-3.][1]

2. **Renders/Rendered** is construed as **serializing the project slides and content into a format that can be stored or transmitted.** This construction is in accord with the description of render in the specification at Col. 4:27-30.

3. **Project Viewer**

As discussed in the previous claim construction order, the patents are directed at a Multimedia Communications System and Method for creating, editing, sharing, and distributing high-quality, media-rich web-based communications. A user interacts with the system to create, edit, and distribute multimedia communications without needing to employ graphic design and computer programming professionals. Benefits of the system include that it is flexible, dynamic, cost-effective, and does not require the user to have in-depth programming knowledge.

The system is hosted on a server and made available to users over a network such as the Internet. The server-side aspect of the invention, identified as the Communication Building Engine, includes specific components. [Fig. 1; Col. 2:65-3:29.] There is a Media Repository that stores templates, media assets, and other resources that can be used to create a multimedia communication project and store a user's completed projects. There is a Distribution Program to format and distribute completed projects as directed by the user. There is a Sharing Program that allows a user to identify specific users to have access to the communication for editing or distribution.

There are three distinct server-side components of the Communication Building Engine that interact in the creation of the communication project. [Fig. 1.]

---

[1] All the asserted patents are continuations of the '497 patent and therefore share the same specification. Specification references herein will correspond to the pagination of the '497 patent.

```
┌──────────────┐      ┌──────────────┐      ┌──────────────┐
│   Project    │◄────►│   Project    │◄────►│   Compiler   │
│ Builder 108  │      │  Viewer 118  │      │     116      │
└──────────────┘      └──────────────┘      └──────────────┘
```

The Project Builder, which the Court previously construed, is the component of the Engine that interfaces with the user to ascertain the user's needs and preferences and selects templates and media assets from the Media Repository to be used to assemble a communication project. A user's completed communication project is integrated by the Compiler and stored in the Media Repository for future distribution or editing. Between the Project Builder and the Compiler is the Project Viewer, "an application that renders or serializes the communication project slides and provides them with functionality." Col. 4:27-30. The parties dispute the construction of Project Viewer.

Asserted Claim 9 of the '497 patent is representative:

1. A multimedia communication system comprising:

> a media repository storing communication project templates and media assets of a number of content types, the project templates and media assets being accessible by a graphical user interface on a client computer via a network; and
>
> a project builder providing the graphical user interface for the client computer via the network for local display of the graphical user interface on the client computer, the graphical user interface comprising controls to receive user input for selecting at least one communication project template from the media repository and one or more media assets, and assembling a communication based on the at least one communication project template, the project builder further including an interactive interview for display on the graphical user interface, the interactive interview providing a plurality of questions to a user for eliciting a user response pertaining to user preferences, and further receiving the user preferences about the at least one communication project template and one or more media assets to assembly the communication.

9. A multimedia communications system in accordance with claim 1, further comprising a **project viewer** that renders an assembled

>communication and transmits the rendered communication via the network to the client computer for viewing in the graphical user interface.

Col. 14:38-59, Col. 16:6-10.

Claims of the patents provide that the Project Viewer component is connected to the Project Builder as shown in the specification. The Project Builder application generates or launches the Project Viewer application. Col. 3:9-10; Col. 4:30. The Project Viewer renders, or serializes, the communication using the selected templates and assets provided by the Project Builder into the collection of slides and transmits or sends the rendered communication to the client user for viewing and editing. Col. 4:27-49.

Impact Engine contends that the claimed Project Viewer is a known programming construct, i.e., software (an application) running on hardware (the server computer) for viewing the communication or advertisement that the user creates with the Project Builder. [Doc. No. 179-3, at ¶33; Doc. No. 190, at 10-11.]  To exemplify that the Project Viewer limitation was a known programming construct, Impact Engine directs the Court to a definition of "viewer" from a 2002 Microsoft Computer Dictionary as "an application that displays or otherwise outputs a file in the same way as an application that created the file. An example of a viewer is a program to display GIF or JPEG files."  [Doc. No. 179-3, at ¶37.]

Google agrees that the Project Viewer limitation is a software application.  However, it contends that the Project Viewer limitation of these patents is not the "viewer" application known in the art referenced by Impact Engine.  Rather, Google contends that the Project Viewer is a term coined for purposes of the patents-at-issue and there was no known programming construct understood to perform the various functions required of the Project Viewer.  Google argues that in accordance with the claims and the specification of the patents-at-issue, Project Viewer is nonce term equivalent to "means" with no known structure and is defined by its functions.  Google argues Project Viewer is subject to construction under 35 U.S.C. §112, ¶6. *See Advanced Ground Info. Sys., Inc., v. Life360,*

*Inc.*, 830 F.3d 1341, 1348 (Fed. Cir. 2016) (affirming application of §112, ¶6 to claim term "symbol generator" finding that although "symbol" and "generator" were terms of art in computer science, in the context of the relevant claim language the combination was an abstraction describing the function to be performed without definite structure.)

In determining whether to apply §112, ¶6 to a claim term, the standard is whether the words of the claim are understood by persons of skill in the art to have a sufficiently definite structure. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015). The Court previously considered similar arguments regarding the construction of other components of the Communication Building Engine. The Court concluded that the Project Builder component of the server-side Communication Building Engine, as described by its functions and supported by the specification, is the client interview and selection tool of the Engine. Although Project Builder is a coined term in these patents, software applications to perform the functions of the Project Builder component would be sufficiently recognized by the functions claimed and were known in the computer industry at the relevant time. Similarly, the Court adopted Impact Engine's construction that the Distribution Program component of the server-side Communication Building Engine invoked known software applications to perform the disclosed functions.

If the Project Viewer function was confined to the function of displaying the communication created by another application, the Court would be inclined to accept Impact Engine's construction that "viewer" applications to do this function were known in the industry at the relevant time. The Court however is not persuaded that known "viewer" software applications, as described above, meet the requirements of the claimed Project Viewer in the context of these patents. The claims and the specification describe the patents' Project Viewer limitation as much more than an application to display a file created by another application.[2] Impact Engine has not demonstrated that there were

---

[2] The Court's construction of Project Builder rejected Impact Engine's contention that the Project Builder application of the system creates the communication as unsupported by the specification. The

known "viewer" applications to render or serialize the communication project slides and provide them with functionality as described by the patents such that a person of skill reading the claim term Project Viewer and its ascribed functions would understand the structure that would perform these functions. Impact Engine's proposed construction that the Project Viewer would be understood to be software (an application) running on hardware (a server) to perform the functions is too generic and does not identify anything sufficiently structural.

Although the claims do not use the word "means" Google has demonstrated that the claim term Project Viewer in the context of these patents is a non-structural place-holder identified only by its functions and is therefore subject to a means-plus-function analysis. Applying §112, ¶6, the Court must determine what structure, if any, disclosed in the specification corresponds to the claimed functions. *Williamson*, 792 F.3d at 1351.

The functions performed by the Project Viewer include rendering [serializing] the communication [i.e., collection of slides]; displaying slides in auto-play on or auto-play off modes; sending the communication to the client computer; allowing the user to view templates and media assets. *See e.g.,* '497 Patent, Claim 9; '6,253 Patent, Claim 1; '832 Patent, Claim 1; '8,253 Patent, Claim 1.

The structures disclosed to perform the functions of the Project Viewer are described at Col. 4:27 through Col. 9:19, and the Project Viewer is limited to those disclosed structures and their equivalents.

It is **SO ORDERED**.

Dated:  May 14, 2021

Hon. Cathy Ann Bencivengo
United States District Judge

---

Project Builder is the client interface for selecting materials from the Media Repository to be used to create the slides that comprise the communication, however the patent identifies the Project Viewer as the application that receives that information and renders the project as configured by the user. Col. 4:27-38.