QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (Ca. Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
191 N. Wacker Drive Suite 2700
Chicago, IL 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

PAUL HASTINGS LLP
Christopher H. McGrath (Ca. Bar. No. 149129)
chrismcgrath@paulhastings.com
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant,
GOOGLE LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 19-CV-1301-CAB-DEB <br><br> **GOOGLE LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND CERTAIN EXHIBITS THERETO** <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT <br><br> Hon. Cathy A. Bencivengo <br> Courtroom: 1510 <br><br> Complaint Filed: July 15, 2019 |

1    Defendant Google LLC ("Google" or "Defendant") hereby moves pursuant to
2 Civil Local Rule 79.2 and Patent Local Rule 2.2 for an order to seal portions of its
3 Memorandum of Points and Authorities in Support of Its Motion for Summary
4 Judgment ("Motion") and Exhibits B, D–F, and L–N thereto.

5    Under Federal Rule of Civil Procedure 26(c), this Court may issue an order to
6 protect a party's "trade secret or other confidential research, development, or
7 commercial information." Fed. R. Civ. P. 26(c)(1)(G).  Although there is a
8 presumption in favor of public access to court records, the public's right to access
9 "is not absolute and can be overridden." *Foltz v. State Farm Mut. Auto. Ins. Co.*,
10 331 F.3d 1122, 1135 (9th Cir. 2003).  Where a record is akin to discovery
11 disclosures or is only tangentially related to the merits of the case, the Court
12 generally applies "good cause," pursuant to which a court may seal a record "to
13 protect a party or person from annoyance, embarrassment, oppression, undue burden
14 or expense." *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096-97
15 (9th Cir. 2016) (quoting Fed. R. Civ. P. 26(c)).  When a record pertains to the merits
16 of a case, courts apply a "compelling reasons" standard.  *Id.*  In this case, there is
17 both good cause and compelling reasons to seal the materials requested by Google.

18    Defendant's Motion includes a limited discussion of the specifics of the
19 operation of functionalities Impact Engine accuses of infringement.  The specifics of
20 how these functionalities operate is confidential Google information that Google
21 does not share publicly.  Public disclosure of such information could lead to
22 competitive harm to Google.  *Delphix Corp. v. Actifo, Inc.*, No. 13-cv-04613-BLF,
23 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (finding compelling reasons
24 exist where court filings contain "highly sensitive information regarding [an entity's
25 confidential] product architecture and development").  Google requests leave to
26 redact from the public filing of its Motion only those portions of its Motion that
27 convey such sensitive information, which are indicated in highlighting in the copy
28 lodged with the Court.

Exhibits B, D–F, and L–N to Google's Motion consist of the following:

- Exhibit B consists of excerpts from Dr. Wicker's infringement report relating to his theories of infringement as to the five accused ad building tools.

- Exhibits D and E consist of excerpts from Dr. Wicker's depositions relating to his opinions of infringement as to the five accused ad building tools and as to Shopping Ads.

- Exhibit F consists of excerpts from Dr. Krein's deposition relating to his opinions regarding the purported functionality of the accused products.

- Exhibit L consists of excerpts from Dr. Krein's report regarding the purported functionality of the accused products.

- Exhibit M is a declaration from a Google employee regarding the functionality of Shopping Ads.

- Exhibit N consists of excerpts from Dr. Wicker's infringement report regarding Shopping Ads.

Dr. Wicker's and Dr. Krein's reports cite liberally to Google-produced internal documents and source code, including providing screen shots of such Google-produced internal documents. These documents describe the internal operation of functionalities accused of infringement.[1] The specifics of how these functionalities operate is confidential Google information that Google does not share publicly. Public disclosure of such information could lead to competitive harm to Google. *Delphix*, 2014 WL 4145520, at *2. Google requests leave to seal Exhibits B, D–F, and L–N in their entirety.

Google therefore requests that an order be entered sealing: the highlighted portions of Google's Motion, and the entirety of Exhibits B, D–F, and L–N. Google

---

[1] While the documents Dr. Wicker relies on for his Shopping Ads allegations were not produced in this case and are not confidential to Google, those allegations almost entirely consist of string cites amongst discussions of documents that ***were*** produced in this case and ***are*** confidential to Google. *See* Ex. N.

proposes sealing only these narrow portions of its Motion and supporting exhibits for which there is a compelling basis to do so because they convey the specifics of the operation of Google functionalities.

DATED:  February 7, 2022

Respectfully submitted,

By: */s/ David A. Perlson*
    David A. Perlson

QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
davidperlson@quinnemanuel.com

David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Upper Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
davidnelson@quinnemanuel.com

Christopher H. McGrath
PAUL HASTINGS LLP
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921
chrismcgrath@paulhastings.com

*Attorneys for Defendant Google LLC*