**REDACTED**

Sharre Lotfollahi (SB 258913)
Kirkland & Ellis LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
213-680-8400
sharre.lotfollahi@kirkland.com

Garret A. Leach (*pro hac vice*)
Nikhil Krishnan (SB 300616)
Kyle M. Kantarek (*pro hac vice*)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000
garret.leach@kirkland.com
nikhil.krishnan@kirkland.com
kyle.kantarek@kirkland.com

*Attorneys for Impact Engine, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 3:19-cv-01301-CAB-DEB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IMPACT ENGINE'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF JACOB WOBBROCK** <br><br> Judge: Hon. Cathy A. Bencivengo <br> Courtroom: 15A |

| | |
|---|---|
| IE's Opening Brief ISO Motion To Exclude Wobbrock Testimony | Case No. 3:19-cv-01301-cab-deb |

REDACTED

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. LEGAL STANDARD .............................................................................................1

III. ARGUMENT ..........................................................................................................2

    A. Dr. Wobbrock Application of Google's Rejected Claim Construction of the Term "Slide" Should Be Excluded ...........................2

    B. Dr. Wobbrock's Misapplication of the Court's "Project Viewer" Construction Should Be Excluded .............................................................6

    C. Dr. Wobbrock's Opinion on Unnamed Third-Parties' Ability to Implement an Alternative to Shopping Ads Should Be Excluded ............9

IV. CONCLUSION .....................................................................................................12

**REDACTED**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Applied Medical Resources Corp. v. U.S. Surgical Corp.*,
448 F.3d 1324 (Fed. Cir. 2006) ............................................................................. 1, 7

*Arterbury v. Odessa Separator, Inc.*,
No. 16-cv-00183-RWS-RSP, 2019 WL 6700978 (E.D. Tex. Jan. 22, 2019) ........................................................................................................... 6, 9

*AstraZeneca AB v. Apotex Corp.*,
782 F.3d 1324 (Fed. Cir. 2015) ..................................................................... 9, 10, 12

*Daubert v. Merrell Dow Pharm., Inc.*,
43 F.3d 1311 (9th Cir. 1995) ...................................................................................... 2

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) .................................................................................... *passim*

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ...................................................................................... 2

*France Telecom S.A. v. Marvell Semiconductor Inc.*,
No. 12-cv-04967-WHO, 2014 WL 4272771 (N.D. Cal. Aug. 28, 2014) ........................................................................................................... 5, 9

*Illumina Inc. v. BGI Genomics Co., Ltd.*,
No. 20CV01465WHOTSH, 2020 WL 7047708 (N.D. Cal. Dec. 1, 2020) ........................................................................................................... 9, 12

*JVW Enterprises, Inc. v. Interact Accessories, Inc.*,
424 F.3d 1324 (Fed. Cir. 2005) ................................................................................. 7

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
449 F.3d 1209 (Fed. Cir. 2006) ................................................................................. 6

*Lust v. Merrell Dow Pharm., Inc.*,
89 F.3d 594 (9th Cir. 1996) ........................................................................................ 2

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
No. 14-cv-03657-SI, 2019 WL 2943414 (N.D. Cal. July 8, 2019) ................. 5, 9

*Personalized User Model, L.L.P. v. Google Inc.*,
No. 09-525-LPS, 2014 WL 807736 (D. Del. Feb. 27, 2014) ...................... *passim*

*Radware, Ltd. v. F5 Networks, Inc.*,
No. 13-cv-02024-RMW, 2016 WL 590121 (N.D. Cal. Feb. 13, 2016) ............. 11

*Shalaby v. Irwin Indus. Toll Co.*,
No. 07-CV2107-MMA-BLM, 2009 WL 7452756 (S.D. Cal. July 28, 2009) ............................................................................................................... 2

**REDACTED**

*Sound View Innovations, LLC v. Hulu, LLC*,
  No. LA CV17-04146 JAK, 2019 WL 9047211 (C.D. Cal. Nov. 18,
  2019) ............................................................................................................... 11

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
  No. 2:18-CV-00366-JRG-RSP, 2019 WL 7041725 (E.D. Tex. Dec.
  20, 2019) ........................................................................................................... 12

*United States v. Vallejo*,
  237 F.3d 1008 (9th Cir. 2001) ............................................................................ 2

**Rules**

Fed. R. Evid. 702 ............................................................................... 1, 2, 5, 11

Fed. R. Evid. 702, Committee Notes on Rules—2000 Amendment ....................... 11

**REDACTED**

## I. INTRODUCTION

Impact Engine respectfully requests that the Court preclude Google's technical expert on non-infringement and non-infringing alternatives, Dr. Jacob Wobbrock, from offering certain opinions that fail to comply with Federal Rule of Evidence 702. ***First***, Dr. Wobbrock provides non-infringement opinions with respect to the term "communication"—which has been construed as "a collection of slides"—that are based on Google's <u>rejected</u> construction for the term "slide." Opinions based on rejected constructions are "unreliable and unhelpful to the finder of fact." *Personalized User Model, L.L.P. v. Google Inc.*, No. 09-525-LPS, 2014 WL 807736, at *1 (D. Del. Feb. 27, 2014) (excluding opinion of Google's expert on non-infringement). Moreover, Dr. Wobbrock's opinions are contrary to the Court's analysis under Section 101. ***Second***, Dr. Wobbrock provides non-infringement opinions with respect to "project viewer" limitations based on the importation of <u>unclaimed</u> functions into the claims. These opinions not only misread the Court's construction, but they are contrary to the law. *Applied Medical Resources Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1334–1335 (Fed. Cir. 2006) (it is improper to "import[] unclaimed functions into a means-plus-function claim limitation"). ***Third***, with respect to non-infringing alternatives, Dr. Wobbrock opines that it was viable for <u>unnamed third parties</u> to develop propriety (allegedly non-infringing) software based on the lay opinions of undisclosed Google employees. Dr. Wobbrock could not fully identify those employees, did not know their qualifications, and did not know the basis for their estimates. The Court's gatekeeping role under FRE 702 is specifically designed to keep out such "unsupported speculation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993).

## II. LEGAL STANDARD

Federal Rule of Evidence 702 allows an expert to testify in the form of an opinion if "the testimony is the product of reliable principles and methods" that are "reliably applied … to the facts of the case." Fed. R. Evid. 702. Expert opinion evidence must

**REDACTED**

"be both relevant and reliable" to be admissible. *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) (same); *Shalaby v. Irwin Indus. Toll Co.*, No. 07-CV2107-MMA-BLM, 2009 WL 7452756, at *2 (S.D. Cal. July 28, 2009) (courts "ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable"). "[T]he trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 137 (1999)). Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

The proponent of the expert "has the burden of proving admissibility." *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Admissibility of the expert's proposed testimony must be established by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)). The party presenting the expert must demonstrate that the expert's findings are based on sound principles and that they are capable of "independent validation." *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995).

**III.   ARGUMENT**

    **A.   Dr. Wobbrock Application of Google's Rejected Claim Construction of the Term "Slide" Should Be Excluded**

All asserted claims[1] require a "collection of slides," either expressly or as a result of claim construction. The claims of the '497 and '832 patent require a "communication," which has been construed as a "collection of slides." Doc. No. 148 at 5. The claims of the '632 and '8,253 patents require a "template," which has been

---

[1] The currently asserted claims are '497 patent, claim 9; '6,253 patent, claim 1; '832 patent, claims 14, 18; '632 patent, claims 4, 21, 25; '8,253 patent, claims 1, 7, 12; and '898 patent, claim 30.

**REDACTED**

construed as "pre-existing general structures and arrangements of a multimedia *communication*" (Doc. No. 205 at 1–2), and thus indirectly incorporate the Court's construction for "communication" as a "collection of slides."[2] Lastly, two asserted claims—'6,253 patent claim 1 and '898 patent claim 30—recite that a communication is a "collection of slides comprising a grouping of design layers, design elements, and content containers."

Only the '6,253 patent and '898 patent claims require that the collection of slides comprise "design layers, design elements, and content containers," despite Google's previous attempt to import that limitation into every claim. During claim construction, Google urged this Court to construe the term "slide" to mean "grouping of design layers, design elements, and content containers. The design layers are predefined and remain static." Doc. No. 107 at 12–14. The Court rejected this construction. The Court noted that the patents describe embodiments in which slides "consist of the design layers, design elements, and content containers," but found that construction was unnecessary: "[t]he term 'slide' as a limitation is sufficiently described in the claims and requires no further construction." Doc. No. 148 at 5 (citing '497 patent at 3:42–43). Thus, all claims require a "collection of slides," but the term "slide" has been given its plain and ordinary meaning, and is not limited to a "grouping of design layers, design elements, and content containers."

Dr. Wobbrock ignores the Court's ruling and applies Google's rejected construction as a basis for his non-infringement opinion. Despite the Court's ruling that the plain and ordinary meaning applies, Dr. Wobbrock misleadingly asserts that the Court "found that slides 'consist of the design layers, design elements, and content containers.'" Ex. A (Wobbrock Rep.) ¶¶ 256 (quoting Doc. No. 148 at 5), 264. Based on that comment from the Court's order—which was not a construction and did not limit the term "slide"—Dr. Wobbrock then opines that the accused products do not

---

[2] All emphasis is added unless otherwise noted.

| IE'S OPENING BRIEF ISO MOTION TO EXCLUDE WOBBROCK TESTIMONY | 3 | CASE NO. 3:19-CV-01301-CAB-DEB |

**REDACTED**

1 infringe any of the asserted claims because they (allegedly) do not include ▮
2 ▮—regardless of whether ▮
3 ▮ are recited in the claim. *Id*. ¶¶ 256 ▮
4 ▮,
5 264 ▮
6 ▮); *see also id*. ¶¶ 256–268.
7     During his deposition, Dr. Wobbrock confirmed that he was applying Google's
8 rejected claim construction for "slide"—albeit under the guise of applying the plain
9 meaning. Dr. Wobbrock acknowledged that the Court's comment that slides "consist
10 of the design layers, design elements, and … content containers" is ▮
11 ▮. Ex. B (Wobbrock
12 Dep. Tr.) at 151:17–153:3. In Dr. Wobbrock's view, however, the "plain and ordinary
13 meaning" standard provides a second chance to construe "slide" as a "grouping of
14 design layers, design elements, and content containers":

15–21 ▮

22 *Id*. at 160:8–161:8; *see also id*. at 158:1–160:4, 164:7–165:3 (opining as to what the
23 term "communication" in claim 1 of the '497 patent requires: ▮
24 ▮
25 ▮
26 ▮).
27
28

| IE's Opening Brief ISO Motion To Exclude Wobbrock Testimony | 4 | Case No. 3:19-cv-01301-cab-deb |

**REDACTED**

Notably, Dr. Wobbrock's opinion is not only inconsistent with the Court's claim construction order, but also the Court's Section 101 order. In November 2021, the Court determined that claim 30 of the '898 patent contains an "inventive concept," and is thus eligible under Section 101, because "the claim includes the limitation that the communication is not just a collection of slides, but a collection comprised of a grouping of design layers, design elements and content containers." See Doc. No. 268 at 12. The Court, however, dismissed claim 1 of the '497 patent and claims 14, 16, 22, and 23 of the '618 patent because they lack such a recitation. *See id*. at 6–13. However, if Dr. Wobbrock is correct that any claim reciting "communication" or "template" requires not just a collection of slides, but also a grouping of design layers, design elements, and content containers, then the Court's dismissal would need to be reversed. Of course, Google ignores that implication in attempting to reinject its rejected claim construction.

Under the *Daubert* standard, a Court may permit expert testimony only if the expert "has reliably applied the [relevant] principles and methods to the facts of the case." Fed. R. Evid. 702. Expert opinion based on an incorrect and rejected claim construction is legally irrelevant and unreliable. Indeed, Google's proffered expert in another case was excluded for likewise attempting to re-introduce a rejected claim construction as a basis for non-infringement:

> The Court has already held that 'user-specific' did not mean exclusive to a particular user. In various other parts of his report, Dr. Fox opines that 'specific' must be 'exclusive' to a user. **As expert testimony inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact, all of these portions of Dr. Fox's non-infringement report are stricken.**

*Personalized User Model*, 2014 WL 807736, at *1. Other courts exclude expert testimony on the same basis. *See e.g.*, *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 4272771, at *3–4 (N.D. Cal. Aug. 28, 2014) (precluding expert testimony that was "not based on the Court's construction of the disputed claim terms," but instead "based on [proffering party's] rejected construction"); *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, No. 14-cv-

**REDACTED**

03657-SI, 2019 WL 2943414, at *1 (N.D. Cal. July 8, 2019) (precluding expert opinion that "contradicts the Court's Supplemental Claim Construction Order" and which reflected proffering party's rejected construction); *Arterbury v. Odessa Separator, Inc.*, No. 16-cv-00183-RWS-RSP, 2019 WL 6700978, at *5 (E.D. Tex. Jan. 22, 2019) (precluding expert testimony where expert "made statements that directly contradict the Court's claim construction order," "making his opinions themselves unreliable"); *see also Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (district court did not abuse its discretion in excluding "expert opinion evidence as irrelevant because it was based on an impermissible claim construction").

As Dr. Wobbrock's opinion is based on an incorrect, rejected claim construction, it is irrelevant, unreliable, and unhelpful to the trier of fact. Accordingly, Impact Engine respectfully requests that Dr. Wobbrock be precluded from opining that (1) all claims require "design layers" and "content containers" and (2) the accused products do not infringe the following asserted claims on that basis: '497 patent, claim 9; '832 patent, claims 14, 18; '632 patent, claims 4, 21, 25; and '8,253 patent, claims 1, 7, 12. *See* Ex. A (Wobbrock Rep.) ¶¶ 256–268.

### B. Dr. Wobbrock's Misapplication of the Court's "Project Viewer" Construction Should Be Excluded

In May 2021, after briefing by the parties, the Court issued a supplemental claim construction order construing the term "project viewer" as a means-plus-function limitation. Doc. No. 205 at 6. The Court recognized that, across the asserted claims, there are four distinct functions recited: "The functions performed by the Project Viewer include rendering [serializing] the communication [i.e., collection of slides]; displaying slides in auto-play on or auto-play off modes; sending the communication to the client computer; allowing the user to view templates and media assets." *Id.* (citing '497 Patent, Claim 9; '6,253 Patent, Claim 1; '832 Patent, Claim 1; '8,253 Patent, Claim 1). The Court further identified that the "structures disclosed to perform the functions of

**REDACTED**

the Project Viewer are described at Col. 4:27 through Col. 9:19," but did not specifically identify which structures in those passages correspond with each recited function. *Id.*

The Court did not import unclaimed functions into any of the project viewer limitations. For example, claim 9 of the '497 patent does not recite the function of "displaying slides in auto-play on or auto-play off modes," and nothing in the Court's order imposes such a requirement. Indeed, it would have been error to do so—it is a "tenet[]" of claim construction that "a court may not construe a means-plus-function limitation 'by adopting a function different from that explicitly recited in the claim.'" *JVW Enterprises, Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1331 (Fed. Cir. 2005) (quoting *Micro Chem., Inc. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999) (overruling district court's claim construction and reversing judgment of non-infringement); *Applied Medical Resources Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1334–1335 (Fed. Cir. 2006) ("A court errs when it improperly imports unclaimed functions into a means-plus-function claim limitation.") (vacating summary judgment of non-infringement). Nor would there have been any reason for the Court to consider importing unclaimed functions—in its claim construction briefing, Google itself recognized that different claims recite different "project viewer" functions and accordingly identified different corresponding structures for each claim depending on what function was implicated. *See* Doc. No. 178 at 4–5 (Google's proposed constructions for "project viewer"), 6 (identifying "three functions" and which claims recite those functions). There was no dispute during the claim construction proceedings as to which functions are required by each claim; instead, the dispute was centered on the threshold question of whether the "project viewer" limitations invoked means-plus-function claiming at all. *See id.* at 4–5.

Dr. Wobbrock's non-infringement opinions misapply the Court's claim construction for "project viewer" and are contrary to the law. Impact Engine's expert, Dr. Wicker, analyzed infringement on a claim-by-claim and element-by-element basis,

and for each claim he identified which portions of the disclosed "project viewer" structure correspond to the particular function recited in that claim. In response, Dr. Wobbrock alleges in his report that the Court's claim construction requires ***all*** four "project viewer" constructions, regardless of whether the function is recited:

[REDACTED]

Ex. A (Wobbrock Rep.) ¶ 212 (bold-italics in original). As discussed above, however, the Court's construction imposed no such requirement, and it would have been legal error to do so. And although Dr. Wobbrock attempts to justify his interpretation of the Court's order by suggesting all functions are [REDACTED] that is simply not true. For example, as he admitted, claim 9 of the '497 patent "doesn't contain the words 'auto-play on or auto-play off.'" Ex. B (Wobbrock Dep. Tr.) at 71:5–11. Nonetheless, Dr. Wobbrock confirmed during deposition that he reads all "project viewer" limitations as requiring all four functions—irrespective of what functions are actually recited in the claims. *E.g.*, Ex. B (Wobbrock Dep. Tr.) at 75:10–18 [REDACTED]; *see also id*. at 72:25–73:24, 74:21–75:9, 75:19–25.

Dr. Wobbrock goes on to opine that the accused products fail to perform the identified functions using the project viewer structures, and uses his misreading of the Court's construction as a basis to apply his opinions to all claims, regardless of the function actually recited. *See generally* Ex. A (Wobbrock Rep.) ¶¶ 215–243. As discussed above, because Dr. Wobbrock's opinions are contrary to the Court's claim

**REDACTED**

construction, and indeed contrary to the tenets of means-plus-function law, they are unreliable, irrelevant, and subject to exclusion. *See, e.g.*, *Personalized User Model*, 2014 WL 807736, at *1; *France Telecom*, 2014 WL 4272771, at *3–4; *MLC Intellectual Property*, 2019 WL 2943414, at *1; *Arterbury*, 2019 WL 6700978, at *5. Accordingly, Impact Engine respectfully requests that Dr. Wobbrock be precluded from opining (1) that all claims require all four project viewer functions, regardless of whether they are recited (*e.g.*, Ex. A (Wobbrock Rep.) ¶ 212); and, (2) that his opinion of non-infringement with respect to each function applies to all claims regardless whether that function is recited. *See* Ex. A (Wobbrock Rep.) ¶¶ 215–243.

### C. Dr. Wobbrock's Opinion on Unnamed Third-Parties' Ability to Implement an Alternative to Shopping Ads Should Be Excluded

Dr. Wobbrock offers opinions as to the "availability" of various "non-infringing alternatives." *E.g.*, Ex. A (Wobbrock Rep.) ¶¶ 347–349. Google's damages expert, Lance Gunderson, then relied on those opinions in performing a hypothetical negotiation analysis for purposes of calculating a reasonable royalty.[3] In assessing the "availability" of non-infringing alternatives in the context of a reasonable royalty calculation, courts evaluate whether the accused infringer "had the necessary equipment, know-how, and experience to implement [the] non-infringing alternative." *Illumina Inc. v. BGI Genomics Co., Ltd.*, No. 20CV01465WHOTSH, 2020 WL 7047708, at *2 (N.D. Cal. Dec. 1, 2020) (quoting *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011)); *see also AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1334–35 (Fed. Cir. 2015) (the effect of a "design around" in the hypothetical negotiation turns on whether it can be implemented "easily" or would "be difficult, expensive, and time-consuming"). Here, in opining that that the proposed alternatives were "available"—*i.e.*, were feasible based on capabilities and experience—Dr. Wobbrock pointed to the number of engineers and

---

[3] Impact Engine may challenge Mr. Gunderson's opinions in damages-related *Daubert* motions, which are due on April 29, 2022. Doc. No. 300.

**REDACTED**

1  amount of time it would supposedly take to implement the alternative. *E.g.*, Ex. A
2  (Wobbrock Rep.) ¶ 351 ▮
3  ▮. As Dr. Wobbrock admitted
4  during deposition, the estimated number of engineers and amount of time to implement
5  the alternatives were not his own opinion, but rather an adoption of estimates provided
6  by Google employees during off-the-record conversations. *See id.* (citing a ▮
7  ▮"); Ex. B (Wobbrock Dep. Tr.) at 192:23–193:9 ▮
8  ▮
9  ▮
10  ▮). While Dr. Wobbrock's
11  reliance on Google employees may be reasonable for estimating *Google's* capabilities,
12  his reliance is not so limited.
13   In particular, Dr. Wobbrock proposes the following alternative to the accused
14  Shopping Ads: ▮
15  ▮
16  ▮ Ex. A (Wobbrock Rep.) ¶ 406. Dr. Wobbrock
17  then goes on to assert that such an alternative ▮
18  ▮
19  ▮ *Id*. Dr. Wobbrock did not identify any such third-parties. And Dr.
20  Wobbrock's only basis for his assertion about the capabilities of ***unnamed third-parties***
21  to implement this alternative is a call with ***Google*** employees ▮
22  ▮ *Id*. *Their* basis is entirely unknown. Neither ▮ nor ▮
23  appear on Google's initial disclosures, and neither was offered for deposition. *See* Ex.
24  C (Google's Seventh Suppl. Initial Disclosures). Dr. Wobbrock could not identify the
25  first name of either employee, and, indeed, did not know what involvement they have

**REDACTED**

1 in Shopping Ads (if any).  *See* Ex. B (Wobbrock Dep. Tr.) at 213:12–20.[4]  He also
2 admitted that he's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
3 ▬▬▬▬▬▬▬▬▬▬▬▬  *Id.* at 210:13–19.  Nor, he admitted, did he have ▬▬▬
4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
5 ▬▬▬▬▬▬▬  *Id.* at 211:6–10.

6       Dr. Wobbrock's opinion is unreliable.  Expert opinion must be based on
7 "knowledge" and "sufficient facts or data."  Fed. R. Evid. 702.  As the Supreme Court
8 recognized in *Daubert*, "the word 'knowledge' connotes more than subjective belief or
9 unsupported speculation."  *Daubert*, 509 U.S. at 590.  Indeed, "[t]he trial judge in all
10 cases of proffered expert testimony must find that it is properly grounded, well-
11 reasoned, and not speculative before it can be admitted."  Fed. R. Evid. 702, Committee
12 Notes on Rules—2000 Amendment.  Here, the opinions of **Google** employees with
13 unknown qualifications as to the capabilities of a generic, unknown "***third-party***" to
14 implement proposed alternatives is entirely speculative, and Dr. Wobbrock's reliance
15 on those lay opinions as a basis for the "availability" of those alternatives is
16 unreasonable.  Those opinions should be excluded.  *See, e.g.*, *Sound View Innovations,*
17 *LLC v. Hulu, LLC*, No. LA CV17-04146 JAK, 2019 WL 9047211, at *14 (C.D. Cal.
18 Nov. 18, 2019) (excluding expert opinion regarding non-infringing alternatives as
19 "based on speculative data," where expert relied, in part, on accused infringer's
20 employee where "[t]here [was] no evidence that [the employee] had personal
21 knowledge about an available noninfringing alternative for Hulu products in 2010");
22 *Radware, Ltd. v. F5 Networks, Inc.*, No. 13-cv-02024-RMW, 2016 WL 590121, at *4
23 (N.D. Cal. Feb. 13, 2016) (excluding expert opinion on the "importance" of the claimed

---

[4] Indeed, Dr. Wobbrock played no role in who he talked to, and could not identify anyone's qualifications.  *See* Ex. B (Wobbrock Dep. Tr.) at 113:1–114:7 ▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

**REDACTED**

technology, where expert had no knowledge of anyone using that technology, because the proffered opinion "would be speculative and unreliable").

Moreover, Dr. Wobbrock's reliance on undisclosed Google employees itself is a reason for exclusion. *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366-JRG-RSP, 2019 WL 7041725, at *4 (E.D. Tex. Dec. 20, 2019) (striking portions of expert report that relied on witnesses who "were not disclosed in Wells Fargo's Rule 26 disclosures or properly added later"). Here, ▮ and ▮ were not disclosed, were not offered for deposition, and were not even identified with more than a last name and first initial.

In the absence of any reliable opinion that the proposed third-party client program alternative was "available," Dr. Wobbrock's opinion on this alternative is irrelevant. *See Illumina*, 2020 WL 7047708, at *2; *AstraZeneca*, 782 F.3d at 1334–35. Accordingly, Impact Engine respectfully requests that Dr. Wobbrock be precluded from opining on the proposed ▮ alternative to Shopping Ads. *See* Ex. A (Wobbrock Rep.) ¶¶ 406–407.

## IV. CONCLUSION

For the reasons stated above, Impact Engine respectfully requests that the Court preclude Dr. Wobbrock from presenting, at trial, his opinions that are contrary to the Court's claim construction orders and the law, and which are based on speculative opinions from undisclosed Google employees.

DATED: February 14, 2022      Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Garret A. Leach*
Garret A. Leach, P.C.

Attorneys for Plaintiff
IMPACT ENGINE, INC.

**REDACTED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document has been served on February 14, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

DATED: February 14, 2022    By: /s/ Garret A. Leach

Attorneys for Plaintiff
IMPACT ENGINE, INC.