Sharre Lotfollahi  (SB 258913)
Kirkland & Ellis LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
213-680-8400
sharre.lotfollahi@kirkland.com

Garret A. Leach (*pro hac vice*)
Nikhil Krishnan (SB 300616)
Kyle M. Kantarek (*pro hac vice*)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000
garret.leach@kirkland.com
nikhil.krishnan@kirkland.com
kyle.kantarek@kirkland.com

*Attorneys for Impact Engine, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMPACT ENGINE, INC., | CASE NO. 3:19-cv-01301-CAB-DEB |
| Plaintiff, | **IMPACT ENGINE'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION AND RECONSIDERATION** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | Judge: Hon. Cathy A. Bencivengo<br>Courtroom: 15A |

Impact Engine respectfully requests the Court clarify or reconsider its June 16, 2022 decision granting Google summary judgment of no pre-suit damages in this case.[1] The Court's ruling appears to limit pre-suit damages to actual notice for ***every*** asserted patent in this case. *See* 6/16/2022 Hearing Trans. at 57:13-14 ("any damages would start at … actual notice"); *id.* at 62:15-17 ("so damages in this case will accrue at actual notice, and that motion is granted"). But in its briefing and during the hearing, Impact Engine clarified that no Impact Engine product, including impactengine.com, practiced or practices the '497 and '632 Patents, and therefore, there is no marking requirement as to these two patents. *See* Doc. No. 389 at Section III.A; 6/16/2022 Hearing Trans. at 58:2-6. Google also admits, "IE did not assert that it marked the '497 or '632 patents," and did not claim that its products practice those patents, "in its infringement contentions as required by Patent Local Rule 3.1(g)." Doc. No. 368 at 1-2.

Pre-suit damages for the the '497 and '632 Patents are not limited by 35 U.S.C. § 287, because Impact Engine never sold a product that practiced those inventions. *Id.* "The notice provisions of § 287 do not apply . . . when a patentee never makes or sells a patented article. Thus, a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020), *cert. dismissed sub nom. Arctic Cat Inc. v. Bombardier Recreational*, 141 S. Ct. 753, 208 L. Ed. 2d 414 (2020) (citing *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387 (1936)) (internal citations omitted); *see also RSA Protective Techs., LLC v. Delta Sci. Corp.*, No. LA CV 19-06024 JAK (PLAX), 2021 WL 4987357, at *11 (C.D. Cal. Oct. 20, 2021) ("[T]he recovery of damages is not limited where there are no products to mark. . . . If the patentee or its licensees have not made products under the patent, then § 287(a) does not apply, *i.e.*, does not limit damages to the time after notice of

---

[1] Impact Engine is filing its Motion in advance of a written order to avoid missing any deadline based on the June 16, 2022 oral ruling.

infringement to the alleged infringing party."); *Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, No. CV 16-538, 2019 WL 2579968, at *15 (W.D. Pa. June 24, 2019) ("Because it would be impossible to mark a nonexistent product, both the initial duty to mark and the sub-contingent duty to notify did not arise, and the damages bar had no application, in the event a patentee or licensee never sold a product practicing the invention.");[2] Doc. No. 389 at Section III.A; 6/16/2022 Hearing Trans. at 58:2-6.

Therefore, Impact Engine seeks clarification as to the scope of the Court's ruling, and reconsideration under Fed. R. Civ. P. 59(e), 60(a), and 54(b)[3] to the extent that the decision limits pre-suit damages for the '497 and '632 Patents. To hold otherwise is clear error, and the Court's June 16, 2022 decision is appropriate for reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration of a prior order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). An order granting summary judgment of no pre-suit damages for the '497 and '632 Patents is in error because Impact Engine has not sold a product that practices those patents. *See* Doc. No. 389 at Section III.A; 6/16/2022 Hearing Trans. at 58:2-6.

---

[2] *See also Altair Logix LLC v. Asus Computer Int'l*, No. 18-CV-04985-HSG, 2019 WL 1117535, at *2 (N.D. Cal. Mar. 11, 2019); *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 11364376, at *6 (E.D. Tex. Oct. 16, 2018); *Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*, No. 09 C 03339, 2018 WL 3329706, at *5 (N.D. Ill. July 6, 2018); *In re Mobile Telecommunications Techs., LLC*, No. 16-MD-02722-LPS-CJB, 2017 WL 1053099, at *6 (D. Del. Mar. 20, 2017); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 3:12-CV-00260-H WVG, 2014 WL 868594, at *2 (S.D. Cal. Jan. 31, 2014).

[3] Google initially filed the motion for summary judgment on no pre-suit damages (Doc. No. 368), thus Impact Engine believes Local Rule 7.1(i) does not apply. *See* L.R. 7(1)(i) ("Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, … and a subsequent motion or application or petition is made for the **same relief** in whole or in part … .").

1  For the foregoing reasons, Impact Engine respectfully requests the Court clarify
2  or reconsider its June 16, 2022 decision and deny Google's Motion for Summary
3  Judgment of No Pre-Suit Damages for the '497 and '632 Patents.
4
5  DATED: July 14, 2022                Respectfully submitted,
6                                      KIRKLAND & ELLIS LLP
7                                      */s/ Sharre Lotfollahi*
                                       Sharre Lotfollahi
8
9                                      Attorneys for Plaintiff
                                       IMPACT ENGINE, INC.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2  The undersigned hereby certifies that a true copy of the foregoing document has
3  been served on July 14, 2022 to all counsel of record who are deemed to have consented
4  to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any
5  other counsel of record will be served by electronic mail, facsimile, and/or overnight
6  delivery.

8  DATED:  July 14, 2022         By: */s/ Sharre Lotfollahi*

   Attorneys for Plaintiff
   IMPACT ENGINE, INC.

5
CERTIFICATE OF SERVICE