QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (Ca. Bar No. 209502)
davidperlson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
191 N. Wacker Drive Suite 2700
Chicago, IL 60606
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

PAUL HASTINGS LLP
Christopher H. McGrath (Ca. Bar. No. 149129)
chrismcgrath@paulhastings.com
695 Town Center Drive, 17th Floor
Costa Mesa, CA  92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant,
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT ENGINE INC.<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO. 3:19-CV-1301-CAB-DEB<br><br>**GOOGLE'S OPPOSITION TO IMPACT ENGINE'S MOTION FOR CLARIFICATION AND RECONSIDERATION**<br><br>Complaint Filed:  July 15, 2019 |

As IE's own Motion for Clarification and Reconsideration ("Motion") demonstrates, the Court's oral ruling granting Google's motion for summary judgment of no pre-suit damages does not require "clarification." The Court clearly granted Google's motion for summary judgment for no pre-suit damages for all asserted patents. Further, IE fails to show that the Court committed clear error in granting Google's motion for summary judgment. Instead, IE continues to ignore the bases upon which Google moved for summary judgment that the Court correctly granted, and just rehashes the same arguments the Court already rejected. Reconsideration is inappropriate. The Motion should be denied.

## **LEGAL STANDARD**

Reconsideration is an "***extraordinary remedy, to be used sparingly*** in the interests of finality and conservation of judicial resources." *Life Techs. Corp. v. Illumina Inc.*, No. 11-CV-00703-CAB-DHB, 2012 WL 10933209, at *1 (S.D. Cal. June 11, 2012) (Bencivengo, J.) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis added) (denying motion for reconsideration where party failed to show the Court committed clear error, or otherwise present newly discovered evidence or law). "'A motion for reconsideration should not be granted, ***absent highly unusual circumstances***, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *Id.* (quoting *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)) (emphasis added). Reconsideration is not intended to "provide litigants with a second bite at the apple" or a "simple rehash of the arguments already made." *Holtz v. Powazek,* No. 3:21-cv-01401-CAB-JLB, 2021 WL 5448981, *2 (S.D. Cal. Nov. 22, 2021) (Bencivengo, J.) (denying motion for reconsideration); *Alvarado Orthopedic Rsch., L.P. v. Linvatec Corp.*, No. 11-CV-246-IEG (RBB), 2013 WL 12066133, at *1 (S.D. Cal. July 19, 2013) (denying motion for reconsideration where the motion provided nothing not already considered and rejected in the Court's previous order); *Am. Fireglass v. Moderustic,*

*Inc.*, No. 15-cv-2866-JLS (BGS), 2019 WL 4918042, at *1 (S.D. Cal. Oct. 4, 2019) (denying motion for reconsideration where defendant raised the "same arguments, facts, and law" that the Court already considered and the Court found no clear error); *ArchitectureArt LLC v. City of San Diego*, No. 15-cv-01592-BAS-NLS, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017) (same); *Gallagher v. San Diego Unified Port Dist.*, No. 08-cv-0886-AJB-WVG, 2011 WL 4014469, at *1 (S.D. Cal. Sept. 8, 2011) (same).

## **ARGUMENT**

### I.  **There Is Nothing to "Clarify" in the Court's Order.**

IE's brief purports to seek "clarification" regarding the scope of the Court's summary judgment ruling on marking. Dkt. 421-1. But IE does not identify any genuine confusion that could justify such a request. IE states the Court's ruling "appears to limit pre-suit damages to actual notice for ***every*** asserted patent in the case." *Id.*, 2 (emphasis in original). This is correct. Google moved for summary judgment on ***all*** of the asserted patents, and the Court ruled that the motion was granted; the motion was not granted-in-part. Dkt. 368; Dkt. 420, 6/16/22 Hearing Tr., 62:15-17. The only purported "clarification" that IE seeks is why the Court rejected IE's arguments as it did.  *E.g.*, Dkt. 421-1, 3:8-11. But, this is just a request for reconsideration with a different name.

### II.  **Reconsideration of the Court's Order Is Not Warranted.**

There is also no basis for IE's request for the Court to reconsider its ruling that limits pre-suit damages for the '497 and '632 patents. Dkt. 421-1, 3. Initially, that IE would bring this motion at all is striking given that the Court already denied IE's request for additional briefing on Google's motion for summary judgment relating to marking. At the June 16 MSJ hearing, IE asked the Court for permission to submit additional briefing on this same issue after the Court made its ruling. The Court denied that request. Dkt. 420, 6/16/22 Hearing Tr., 63:22-64:9. IE, without even noting this, now submits additional briefing, attempting to justify it with a different

caption, but re-asserting arguments already submitted to and rejected by the Court. This is just part of the continued pattern of IE ignoring the Court's rulings and directives and acting as a vexatious litigant. The Court should reject IE's Motion on this basis alone.

In any event, IE does not come even remotely close to showing the required clear error that it contends the Court made in its ruling. Dkt. 421-1; *see Life Techs.*, 2012 WL 10933209 at *1 (providing standard). Rather, IE just expresses its disagreement with the Court's Order and rehashes an argument the Court already denied. Specifically, IE argues that there is no marking requirement for the '497 and '632 patents because there are no practicing products for those patents. Dkt. 421-1, 3. This is the same argument already raised by IE and that the Court considered and rejected. Indeed, IE made this argument in its Opposition (Dkt. 390, 2) and at the June 16 hearing. Dkt. 420, 58:25-62:17. "Clearly erroneous is a very exacting standard. Mere doubts or disagreement about the wisdom of a prior decision will not suffice. To be clearly erroneous a decision must be more than just maybe or probably wrong; it must be dead wrong." *Alvarado,* 2013 WL 12066133, at *1.

Not only does IE repeat the same argument it lost on, IE again fails to substantively rebut the basic premise of Google's motion as to the '497 and '632 patents. Google pointed out that IE has repeatedly said it had commercial embodiments of these patents. Dkt. 368, 1. IE's damages expert identified the commercial embodiments of the "Asserted Patents," with no carve out for the '497 and '632 patents. And in response to an interrogatory asking about secondary considerations of non-obviousness, IE indicated its products practiced the "Asserted Patents," again with no carve out for the '497 and '632 patents. *See id.* (citing evidence). Google was entitled to rely on IE's identification of its alleged practicing products to meet its low burden of production. *Id.*, 3 (citing *KAIST IP US LLC v. Samsung Elecs. Co.*, 216CV01314JRGRSP, 2018 WL 10498197, at *3 n.1 (E.D. Tex. May 22, 2018) ("[a] court would be hard-pressed to conclude an alleged

infringer could not rely on such allegations by the patentee [about the practicing products] to meet its burden"); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544 (KAM) (GRB), 2018 WL 1525686, at *6-7 (E.D.N.Y. Mar. 27, 2018)). IE's statement that Google "admits" that IE "did not claim that its products practice those patents 'in its infringement contentions,'" is misleading at best. Dkt. 421-1, 2. All Google acknowledged was that IE did not contend that any products practice these two patents *in its infringement contentions.* But IE ignores entirely the statements from IE that it practiced the '497 and '632 patents that Google actually relies on.

IE ignored this evidence previously as well. In its Opposition, IE addressed its earlier statements solely in a footnote, where it said that Google's citations related to issues other than marking without further explanation as to why IE should not be held to its earlier admissions. Dkt. 390, 2 n.1. At the hearing, IE stated that Google's arguments about IE's prior statements are "just not true," but again did not elaborate further. IE should not be heard on this issue now on reconsideration, having ignored it when it had a chance to address Google's evidence in opposing Google's motion.

Further, none of IE's cited cases support a finding of clear error. They stand for the unremarkable proposition that there is no duty to mark where there is no product that practices the inventions.[1] But, they do not address circumstances where,

---

[1] *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860 (Fed. Cir. 2020); *RSA Protective Techs., LLC v. Delta Sci. Corp.*, No. LA CV 19-06024 JAK (PLAX), 2021 WL 4987357 (C.D. Cal. Oct. 20, 2021); *Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, No. CV 16-538, 2019 WL 2579968 (W.D. Pa. June 24, 2019); *Alstair Logix LLC v. Asus Computer Int'l*, No. 18-CV-04985-HSG, 2019 WL 1117535 (N.D. Cal. Mar. 11, 2019); *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 11364376, at *6 (E.D. Tex. Oct. 16, 2018); *Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*, No. 09 C 03339, 2018 WL 3329706, at *5 (N.D. Ill. July 6, 2018); *In re Mobile Telecommunications Techs., LLC*, No. 16-MD-02722-LPS-CJB, 2017 WL 1053099,

as here, the patent owner *did* assert that products practiced the patents at issue. Further, IE's cited cases make clear that, when seeking summary judgment, an alleged infringer "'bears an ***initial burden of production*** to articulate the products it believes are unmarked 'patented articles' subject to § 287,'" and that this is "'a low bar' that is not a burden of persuasion or proof." *RSA Protective Techs.,* 2021 WL 4987357, *1 (quoting *Artic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017)) (emphasis added). Once this burden of production is met, the "***patentee bears the burden to prove the products identified do not practice the patented invention.***" *Id.* (emphasis added). "Even on summary judgment, '[t]he burden of proving compliance with marking is and at all times remains on the patentee." *Lambeth*, 2019 WL 2579968, at *12. Thus, "[o]nce a moving defendant has presented a properly supported motion for summary judgment, 'the plaintiff must present affirmative evidence in order to defeat it.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Here, Google met its burden of production by showing that IE and its expert represented in the litigation that IE's products practice the '497 and '632 patents. IE did not meet its burden to prove otherwise. It provided zero evidence to the contrary in its briefing or at the hearing, instead relying solely on attorney argument. *See, e.g.*, Dkt. 390, 2-3; Dkt. 420, 6/16/22 Hearing Tr., 60:16-61:1 ("we, counsel, have done the legal analysis and determined that those two patents, the claims aren't met by Impact Engine's products); Dkt. 421-1. Thus, it was not clear error for the Court to rely on IE and its expert's prior representations, and grant summary judgment to limit pre-suit damages as to all of the asserted patents.

For the foregoing reasons, IE's Motion should be denied.

---

at *6 (D. Del. Mar. 20, 2017); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 3:12-CV-00260-H WVG, 2014 WL 868594, at *2 (S.D. Cal. Jan. 31, 2014).

1    DATED:  August 4, 2022                    Respectfully submitted,

2                                              QUINN EMANUEL URQUHART &
3                                                SULLIVAN, LLP

4                                              By: */s/ David A. Perlson*
5                                                  David A. Perlson

6                                              *Attorneys for Defendant Google LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28